A90A0008. KERSEY v. C.S.R.A. ECONOMIC OPPORTUNITY AUTHORITY, INC.
(392 SE2d 305)

BANKE, Presiding Judge.

This is an appeal from a grant of summary judgment to the defendant in a slip-and-fall action.

The defendant is a non-profit corporation which distributes surplus food commodities to the elderly in Emanuel County, using the 4-H Club building as a distribution center. To facilitate the distribution process, the program participants queue up at the entrance ramp to the building, obtain the food commodities inside the facility, and exit through the rear door. Directly outside the rear door is a concrete stairway consisting of five steps, equipped with a handrail on either side. The plaintiff slipped and fell as she was descending this stairway while holding two bags of food given to her by the defendant. She acknowledged that she had exited the building using that particular stairway on at least one prior occasion, and she does not allege that there was any defect in the design or structure of the stairway itself. However, she contends that the defendant negligently exposed her to danger by sending her down this stairway while she was carrying, in her words, a "heavy load." *Held*:

Landowners or occupiers of land are not insurers of the safety of their invitees. *Watson v. C & S Bank*, 103 Ga. App. 535, 536 (120 SE2d 62) (1961). " 'Falling and injuring one's self proves nothing. Such happenings are commonplace wherever humans go.' [Cit.] In order for a plaintiff to recover, two elements must be proven: '(1) Fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee. The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn (the invitee) and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of (this) knowledge, assumes the risks and dangers incident to

the known condition.' [Cit.] 'As was observed in *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77) [1964], there should be no duty to warn of the perfectly obvious such as posting a sign on a stairwell that "These are steps. . . ." [Cit.]' " *Gyles, Inc. v. Turner*, 184 Ga. App. 376, 377 (361 SE2d 538) (1987). Moreover, "[t]he fact that [the plaintiff] had a package in her hands when she departed is not material." *Garnett v. Mathison*, 179 Ga. App. 242, 243 (345 SE2d 919) (1986).

Because there is no contention in the present case that the steps were defective and because the plaintiff clearly was as aware as the defendant of the alleged hazard which caused her to fall, we affirm the trial court's grant of summary judgment to the defendant.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MARCH 12, 1990 —
REHEARING DENIED MARCH 26, 1990.

*Cheney & Cheney, Curtis V. Cheney, Jr.*, for appellant.
*Dye, Miller, Tucker & Everitt, Mark W. Wortham, A. Rowland Dye*, for appellee.