A90A1753. SOUTHEAST CONSULTANTS, INC. et al. v. O'PRY.
(404 SE2d 299)

BIRDSONG, Presiding Judge.

D. Michael O'Pry sued Benny L. Brunner and Southeast Consultants, Inc., engineering and land surveyors who were subcontractors on O'Pry's new house, for negligence in performing percolation tests prior to installation of a septic tank. Three months after O'Pry purchased the new house for $117,500, the noxious condition of the septic tank manifested itself. The jury rendered a verdict for O'Pry for $125,000. Brunner and Southeast Consultants appeal. *Held*:

1. Appellants contend they were entitled to judgment n.o.v. on grounds the plaintiff has no standing to sue because his contract was with the builder and not with appellants.

It is well settled that privity is not necessary to found a suit in negligence. *Georgia-Carolina Brick &c. v. Brown*, 153 Ga. App. 747 (266 SE2d 531). The fact that plaintiff's contract was with another does not prevent plaintiff from seeking damages for negligence. One who in the course of his business, profession or employment supplies false information is subject to liability for damages caused by others' justifiable reliance upon the information, where he fails to exercise reasonable care or competence in providing the information, and where the loss is suffered by one for whose benefit he supplies the information or knows that the recipient intends to supply it, and whom he intends the information to influence or knows that the recipient so intends. *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503). Thus, where the engineer knows that prospective purchasers could rely on his report, a lack of privity will not shield him from liability to the foreseeable prospective purchasers. Id. It was foreseeable to appellants that the person directly injured as the result of their negligence would be the purchaser of the house; therefore, a clear duty was owed in that regard.

Plaintiff gave evidence that the percolation test results provided to Gwinnett County showed an acceptable range of percolation in the soil on this lot, which induced the county to issue a permit to install a septic tank; but in fact the rate of percolation was grossly unacceptable and, knowing that, the county would not have allowed a septic

tank to be installed on this property. On appeal of the denial of judgments n.o.v., we view the evidence in favor of the jury's verdict, and where there is evidence to support the verdict it cannot be said the evidence *demanded* a contrary verdict. OCGA § 9-11-50; see *Stone v. Cook*, 190 Ga. App. 11, 12 (378 SE2d 142). Appellants were not entitled to judgment n.o.v.

2. Appellants contend the trial court erred in denying them judgment n.o.v. as to the amount of damages. Appellants argue in essence that the measure of damages cannot be based on the present market value of the house as it would have been at the time of trial, but must be based on its value at the time plaintiff bought it; and that in any case plaintiff's testimony that as the result of appellants' negligence the house has "no value" is an improper basis to award damages.

" 'As a general rule the measure of damages . . . for injuries to real property is the difference in value before and after the injury to the premises' " (*Mercer v. J & M Transp. Co.*, 103 Ga. App. 141, 143 (118 SE2d 716)), or, "the difference . . . between what the builder built and what he should have built." *Piedmont Bldrs. v. Fullerton*, 157 Ga. App. 126, 127 (276 SE2d 277); see *Hortman v. Cantrell*, 173 Ga. App. 429, 430 (326 SE2d 779). "The measure of damages . . . is the difference in value of the house as finished and the value of the house as it should have been finished. . . . The value of the house three years after the sale was wholly immaterial to the issue to be resolved." *Williams v. Runion*, 173 Ga. App. 54, 58 (325 SE2d 441).

Plaintiff was competent to give his own opinion as to value, since he laid a proper foundation for it (see OCGA § 24-9-66; see *Department of Transp. v. Brown*, 155 Ga. App. 622, 623 (271 SE2d 876)) but an award based on the present market value of the house is not authorized.

The market value of this house as it should have been built was apparently what plaintiff paid for it, $117,500. The evidence and all reasonable inferences show that a permit to install a septic tank on this property would not have been issued if correct percolation test results had been performed, and the defective conditions caused by appellants' negligence cannot be repaired. In *Ray v. Strawsma*, 183 Ga. App. 622, 623-624 (359 SE2d 376), the defects were irremediable so that the alternative measure of damages (cost of repairs) could not be applied; we noted that even though a house is allegedly worthless "[i]t has some value, if only for scrap (see *Hutto v. Shedd*, [181 Ga. App. 654, 656 (353 SE2d 596)]), and that value may obviously be whatever it is worth as a result of the irremediable defects. The owner should not have the benefit of that value, however low, by recovering the entire contract price. . . ." However, it is not uncommon for an irremediable and uninhabitable dwelling to be considered to have "no value" *on the market*. See *Getz Exterminators of Ga. v. Towe*, 19

Ga. App. 268, 269, 272 (387 SE2d 338). Although the evaluation that the house has no value may mean only that it has no *market* value, it is admissible as a circumstance to ascertain the value, and *where there is no evidence tending to show this evaluation is unreasonable*, a verdict for plaintiff is not without evidence to support it. See *Dixon v. Williams*, 177 Ga. App. 702, 703-704 (340 SE2d 286). Appellants had ample opportunity to show the house at least had some "scrap value," but there is no such evidence. The evidence shows the house has no value and we are not authorized to say as a matter of law that it did.

Plaintiff can recover no more than the market value at the time of purchase. The judgment below is affirmed on condition that the award in excess of $117,500 be stricken; otherwise, a new trial is granted on the issue of damages.

*Judgment affirmed on condition. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1991 —
REHEARING DENIED MARCH 13, 1991 — 

*William A. Wehunt, Charles A. Mullinax*, for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Paul R. Vancil*, for appellee.