## A94A0155. DRAKE v. KROGER COMPANY.
(443 SE2d 698)

COOPER, Judge.

Plaintiff Yoaneena Drake filed suit against the Kroger Company ("Kroger") for injuries she sustained when she slipped and fell while shopping at a Kroger supermarket. The trial court granted Kroger's motion for summary judgment, and plaintiff appeals.

Our review of the record reveals that plaintiff was walking down an aisle of a Kroger store with her niece and young daughter when she suddenly slipped and fell backwards injuring herself. In her deposition, plaintiff gave conflicting testimony as to whether she actually saw a wet substance on the floor after her fall, although she was certain her pants were wet when she got up from the floor. Plaintiff also testified in her deposition that she did not notice any Kroger employees on the aisle at the time of her fall.

Three Kroger employees, including the store's co-manager Anthony Frazier, submitted affidavits in support of Kroger's motion for summary judgment. All three employees testified that they had completely searched the aisle for the presence of any foreign substance or liquid following plaintiff's fall and found the floor to be clean, dry and free of any foreign substance. One employee testified that he asked plaintiff to show him the substance she fell on, but when he went to the area she pointed out, he could neither see nor feel anything when he slid his hand and shoes around the floor. Mr. Frazier and the other employees stated in their affidavits that they did not see any wetness or other evidence of a foreign substance on plaintiff's clothing. Mr. Frazier also alleged that it was his responsibility to patrol the entire store, including the aisle where plaintiff fell, on the average of once every 30 minutes to check for spills and foreign substances on the floor. He testified that on the day in question he performed his duties and patrolled the store on the average of once every 30 minutes and saw no spills or evidence of a foreign substance or liquid on this particular aisle the entire day. Mr. Frazier further stated that all employees were required to look for any debris or spills in the store and report or clean them up if they were discovered.

After Kroger filed its motion for summary judgment, plaintiff

submitted her affidavit and her niece's affidavit in which they both allege they saw liquid on the store floor following plaintiff's fall. The affidavits also allege that plaintiff and her niece saw Mike Kidd, a Kroger employee, in the immediate area prior to plaintiff's fall. Relying on these affidavits, plaintiff now contends the trial court erred by ruling that no genuine issues of material fact existed for determination by a jury with regard to Kroger's knowledge, actual or constructive, of the existence of a foreign substance on the floor of the store. Plaintiff also argues the trial court erred by finding the supermarket floor where plaintiff fell to be completely clean, dry and free of any foreign substance.

1. In order to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the plaintiff must show the proprietor had actual or constructive knowledge of the foreign substance and the plaintiff was without knowledge of the presence of such substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Because no evidence has been presented that Kroger had actual knowledge of the existence of a foreign substance on the floor, the issue presented in this case is whether Kroger had constructive knowledge of the allegedly hazardous condition.

Plaintiff may establish Kroger's constructive knowledge by showing "that a foreign substance had been on the premises for such a time that ordinary diligence by the defendant should have effected its discovery; or that an employee of the defendant was in the immediate area of the hazardous condition and could have easily seen the substance." (Citation omitted.) *Jester v. Ingles Market*, 206 Ga. App. 327, 328 (425 SE2d 323) (1992).

In this case, plaintiff cannot establish constructive knowledge under the first theory because "a lack of actionable constructive knowledge may be established by presenting conclusive evidence that a customary inspection and cleaning program was in place and had been complied with on the day in question. [Cit.]" *Foodmax v. Terry*, 210 Ga. App. 511, 512 (1) (436 SE2d 725) (1993). There being no question in this case that Kroger had a reasonable inspection program in place that had been adhered to on the day plaintiff fell, plaintiff cannot establish that Kroger failed to exercise reasonable care in inspecting the premises. See generally *Mallory v. Piggly Wiggly Southern*, 200 Ga. App. 428 (1) (408 SE2d 443) (1991). Moreover, "[t]o sustain plaintiff's cause of action [under this first kind of] case it is necessary that [s]he prove a period of time the dangerous condition has been allowed to exist. Without such proof it would not be possible to determine whether the defendant had been afforded a reasonable time within which to inspect and remove the hazard." (Citation and punctuation omitted.) *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 345 (4) (226 SE2d 142) (1976).

Plaintiff does attempt, however, to establish Kroger's constructive knowledge based upon the second theory set forth above. Specifically, plaintiff contends that because the two affidavits she submitted in opposition to Kroger's motion for summary judgment contain allegations that she and her niece saw a Kroger employee in the immediate area prior to plaintiff's fall, plaintiff has established a prima facie case that Kroger had constructive knowledge of the liquid or foreign substance on the floor.

Pretermitting the issue of what weight plaintiff's affidavit should be afforded in that the allegations contained therein directly contradict her deposition testimony, we note that "there never has been a rule in this state that liability can be shown by nothing more than the fact that the defendant's employee was in the immediate area of the hazardous substance." (Punctuation omitted.) *Rush v. Food Giant*, 183 Ga. App. 388, 392 (1) (358 SE2d 919) (1987). Constructive knowledge can only be inferred where there is evidence that an employee was in the immediate vicinity of the dangerous condition *and* could have easily discovered and removed the hazard. *Food Giant v. Cooke*, 186 Ga. App. 253 (1) (366 SE2d 781) (1988). In this case, the two affidavits submitted by plaintiff contain only the bare allegation that a Kroger employee was in the immediate area where plaintiff fell. Plaintiff has failed to present any evidence that would show that the employee had been in a position to see or remove the alleged liquid or foreign substance from the floor. Nor has plaintiff presented any evidence as to how long the alleged substance was on the floor so it could be determined if "the hazard existed for a length of time sufficient for the defendant to discover the hazard and remove it." *Mitchell v. Food Giant*, 176 Ga. App. 705, 709 (337 SE2d 353) (1985). "Under the circumstances, the mere proximity of the [store employee] to the spot where plaintiff fell presents no issue of constructive knowledge. [Cit.]" *Queen v. Kroger Co.*, 191 Ga. App. 249, 250 (1) (381 SE2d 413) (1989). The trial court correctly determined that no genuine issue of material fact existed for determination by a jury with regard to Kroger's knowledge, actual or constructive, of the alleged foreign substance on the floor.

2. Having determined that plaintiff cannot establish an essential element of her prima facie case against Kroger, we need not address plaintiff's claim that the trial court erred in making the factual determination that the floor was found to be completely clean, dry and free of any foreign substance.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED APRIL 29, 1994.

*Waymon Sims, Janise L. Miller*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, James T. Brieske, Douglas W. Smith*, for appellee.