A94A1305. GUDGER SURVEYING, INC. v. PAUL LEE CONSULTING ENGINEERING ASSOCIATES, INC. et al.
(449 SE2d 331)

RUFFIN, Judge.
In 1992, Doekes Gunning Homes, Inc. ("Doekes") retained appellant to perform a survey locating utility easements on a lot prior to the construction of a house on the lot. In the course of completing the survey, appellant relied on a subdivision plat prepared by Paul Lee Consulting Engineering Associates, Inc. ("Paul Lee Consulting") which showed the general location and width of natural gas and power easements on the lot. In 1986, Paul Lee Consulting had been

hired by Charles Jones, the subdivision developer, to prepare a survey showing the general location of easements crossing the lots in the subdivision. Upon completion of construction, performed in reliance on appellant's survey, Doekes was advised by Southern Natural Gas that Doekes' house was on its right of way.

Doekes sued appellant for negligence in the performance of the survey and in appellant's reliance on an incorrect plat of the subject property rather than making a thorough on-site inspection. Appellant filed a cross-claim against Paul Lee Consulting and Paul Lee, appellees herein, for negligence in the preparation of the subdivision plat upon which appellant relied. Affidavits attached to appellant's cross-complaint allege that the plat incorrectly indicates that the 105 feet utility easements are 100 feet; that the plat should have specifically defined each easement's width and location relative to the subdivision corners; and that appellees' negligent performance fell below the accepted standards of surveying in that profession. Appellees moved the court for summary judgment on the cross-claim on the grounds that the claim was barred by the statute of limitation and a lack of privity between appellant and appellees. In support of their motion for summary judgment, appellees attached the affidavits of Charles Jones and Paul Lee which indicated that appellees were not hired to give the exact location of utility easements. The trial court granted appellees' motion, and this appeal followed.

1. Appellant contends the trial court erred in determining that privity was required in order for appellant to recover from appellees. Appellant argues that the plat was a public record, upon which surveyors generally rely, and that privity is not required for third parties to be liable for damages which arise as a result of an individual's reliance upon the third party's professional advice.

Appellant also contends that by failing to accurately depict the location and width of the easements, appellees prepared the plat in violation of state and county codes. However, OCGA § 15-6-67 (b) (4) (E) and (F) require that all plats, filed with the clerk of superior court, show the widths of all rights of way crossing property and easements, *if pertinent*. Since the undisputed evidence shows that the specific width and location of the easements were not pertinent, appellees were not negligent per se in their depiction of the easements.

"It is well settled that privity is not necessary to found a suit in negligence. [Cit.] . . . One who in the course of his business, profession or employment supplies false information is subject to liability for damages caused by others' justifiable reliance upon the information, where he fails to exercise reasonable care or competence in providing the information, and where the loss is suffered by one for whose benefit he supplies the information or knows that the recipient intends to supply it, and whom he intends the information to influence or knows

that the recipient so intends. [Cit.]" *Southeast Consultants v. O'Pry,* 199 Ga. App. 125 (1) (404 SE2d 299) (1991).

The record demonstrates that in 1986 appellees prepared the plat in accordance with Charles Jones' requirements. Jones indicated that he only needed to know the general location of the easements. There is no evidence that appellees knew Jones' intended use of the plat, i.e., whether he intended to supply the plat to others. Nor is there evidence that appellees intended to influence other surveyors, fellow professionals who presumably would be able to detect such flaws in the plat.

Moreover, "[i]n making a determination of whether the reliance by the third party is justifiable, we will look to the purpose for which the report or representation was made. If it can be shown that the representation was made for the purpose of inducing third parties to rely and act upon the reliance, then liability to the third party can attach. If such cannot be shown there will be no liability in the absence of privity, wilfulness or physical harm or property damage." *Badische Corp. v. Caylor,* 257 Ga. 131, 133 (356 SE2d 198) (1987). There is no evidence that in depicting the easements five feet narrower or by failing to situate the easements properly on the plat, as alleged by appellant, appellees intended to induce other surveyors to rely on the inaccurate plat and, more importantly, as a professional, to act upon the reliance. Compare *Robert &c. Assoc. v. Rhodes-Haverty Partnership,* 250 Ga. 680 (300 SE2d 503) (1983); *Samuelson v. Lord, Aeck & Sergeant,* 205 Ga. App. 568 (423 SE2d 268) (1992); *Southeast Consultants v. O'Pry,* supra (laypersons justifiably relied on misrepresentations by professionals).

Based on the foregoing, we conclude that the evidence does not demonstrate that appellant was a foreseeable recipient of the plat or that appellant justifiably relied on the plat. Therefore, the trial court did not err in granting summary judgment to appellees.

2. Since we have determined that appellant does not have a cause of action for negligence against appellees, we need not consider whether the complaint was also barred by the statute of limitation, as enumerated by appellant.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 5, 1994.

*Douglas D. Middleton,* for appellant.

*Awtrey & Parker, Dana L. Jackel, Ken S. Waldrop,* for appellees.