A94A2254. SAFFAR v. CHRYSLER FIRST BUSINESS CREDIT CORPORATION.
(450 SE2d 267)

BIRDSONG, Presiding Judge.

Joseph Saffar, Jr., appeals from the orders of the superior court granting appellee/plaintiff Chrysler First Business Credit Corporation's ("CFBCC") motion for summary judgment as to appellee's claim and appellant's counterclaim, and the entry of final judgment in behalf of appellee.

Appellant contracted to purchase and ultimately purchased an apartment complex from Frederick Spencer for $900,000. Appellant was loaned $500,000 mortgage money by appellee CFBCC and executed a security deed and a promissory note in that amount to CFBCC as security. The seller Spencer purchased the property, apparently out of bankruptcy from the Windy Valley Investment Group, Ltd. ("Windy Valley") for $400,000. Appellee CFBCC was not a party to the purchase or sales contract between appellant and Spencer; neither was it a party to the purchase or sales contract between Spencer and Windy Valley. Spencer did not have legal title to the property at the time he entered the original sales contract with appellant; however, he acquired title during a joint closing at which all of the above parties were present and participated. At the closing, Spencer appears to have closed first and then immediately to have conveyed title to the property to appellant. Further, by the date of closing, the effective date of the sales contract between appellant and Spencer had expired; nevertheless, these parties proceeded with the sale under, at least, modified terms as to the manner in which the $900,000 purchase price would be funded. Appellant elected not to be represented by individual counsel at closing.

Appellant subsequently discovered that Spencer had purchased

the property at the same closing for only $400,000 and that substantial repairs, particularly as to underground and related plumbing, were needed on the premises; appellant thereafter quit paying on the note. Appellee brought suit on the note and appellant filed an amended answer and counterclaim averring fraud. Appellant contends on appeal that the trial court erred in granting appellee's motion for summary judgment as genuine issues of material fact exist whether: (a) appellee fraudulently concealed material information from appellant which it should have disclosed and was required to disclose under the circumstances; (b) appellee fraudulently made a material misrepresentation to defendant that it had obtained an appraisal; and (c) the amount of the debt was in factual dispute. *Held*:

1. We first address appellant's contention that a genuine material fact exists as to the amount that was due and owing on the loan. Appellant's brief contains no citations to any page of the record or transcript in support of this enumeration in violation of Court of Appeals Rule 15 (c) (3). Further, examination of the argument of counsel for appellant at the hearing on motion for summary judgment, the response of appellant/defendant to plaintiff's motion for summary judgment, and appellant/defendant's statement of material facts to which there is a genuine issue to be tried, reflects that this contention was not asserted before the trial court. " 'Each party has a duty to present his case in full at the hearing on the motion for summary judgment.' " *Coker v. Culter*, 208 Ga. App. 651, 652 (431 SE2d 443). We will not consider the validity of a trial court's ruling based on a completely different legal issue than timely and specifically raised below, as such an appellate procedure would be contrary to the line of cases holding: " ' "He must stand or fall upon the position taken in the trial court." ' " *Bell v. Sellers*, 248 Ga. 424, 426 (1) (283 SE2d 877). Accordingly, the issue presented in this enumeration was not preserved for appellate review. Moreover, no citation is made of the pages of the transcript or record supporting appellant's factual contentions that a genuine material issue exists as to the amount due and owing on the note. It is well-settled that an appellate court will not cull the record in search of error on behalf of one of the parties. *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (8) (389 SE2d 251); accord *Benefield v. Benefield*, 224 Ga. 208, 209 (5) (160 SE2d 895).

2. We likewise find without merit appellant's two remaining enumerations of error. Under the attendant circumstances, we find that the record does not raise any genuine issue of material fact that appellant acted in justifiable reliance on any representations allegedly made by appellee in support of its fraud defense and counterclaim. Appellant made the following admissions in judicio (see generally *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 451 (4) (422 SE2d 305) and cases cited therein) in his deposition testimony: negotiations

as to contract price primarily were with Spencer (seller) and Adams who was in the real estate business and introduced seller to appellant; appellant's first contact with appellee, either directly or by phone, was on the day of closing; appellant never personally had an appraisal done but had relied upon appellee (in view of statements contained in the original loan application) to obtain an appraisal which would have to be at least $900,000 to qualify for the loan; appellant never physically inspected the property before closing or looked at the leases of the apartment tenants before his loan was approved; appellant signed the note at closing; appellant arrived at the agreed $900,000 sales price (prior to closing) merely based on representations of property value made to him; appellant was relying on representations made to him by Mr. Adams, Mr. Spencer, and Mr. Wolf (apparently a real estate broker whom appellant concedes he had met only on a few rare occasions and whom he knew to be a secondary person in the transaction); appellant did not attempt to determine who kept the rental records for the building prior to closing; appellant did not inspect the property before he bought it; appellee made no representations to appellant about the condition of the property; appellant never saw the title report that was generated on the property and engaged no one to run an independent title examination on the property; appellant did not ask for a copy of the appraisal prior to closing and admits that at closing he merely examined the first page of a purported appraisal report, and (notwithstanding the amount of money involved) appellant attended closing alone. Additionally, appellant admitted in his deposition that he could not recall exactly what appellee had said to him at closing regarding the value of the property; but, although he cannot remember who said it, appellee represented that the property was worth a great deal more or would be worth a great deal more than it turned out to be. "[A]ny contradictory testimony or statements by appellant, as to these [admitted factual] matters, and for which no reasonable explanation for inconsistencies was given, would have to be construed against [him] pursuant to the rule of *Prophecy* [*Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680)]." *Shansab*, supra at 451 (4).

Appellee CFBCC owed no legal duty to act as appellant's legal or financial advisor; there existed no confidential relationship between appellant and appellee. Compare *First Union Nat. Bank of Ga. v. Gurley*, 208 Ga. App. 647 (1) (431 SE2d 379); *Pruett v. Commercial Bank of Ga.*, 206 Ga. App. 103 (424 SE2d 284). The record reveals nothing more than an arms-length money lending transaction between the parties. "A fiduciary or confidential relationship arises where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost

good faith, such as the relationship between partners, principal and agents, etc." (Citation and punctuation omitted.) *First Union*, supra at 648. Even assuming appellant had mistakenly reposed trust and confidence in appellee, no confidential relationship was created within the meaning of OCGA §§ 23-2-53; 23-2-58. " ' "The mere fact that one reposes trust and confidence in another does not create a confidential relationship. 'In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is no confidential relationship by this alone.' " ' " (Citations omitted.) Id. at 648-649. Thus, the record reveals no confidential relationship between appellant borrower and appellee lender which would excuse the requirement that appellant exercise ordinary diligence to protect [his] own interest. Id. " 'There being no suggestion that the relationship between [appellant and appellee] was anything other than an "arms-length" business relationship, [appellant] was not justified in looking to the [appellee lender] for advice regarding the financial viability of the project, nor was the [lender] under any duty to list for him the various obstacles facing the successful completion of the project.' " Id. at 649-650. Thus, for example, there was no duty on the part of appellee to disclose to appellant, even if it knew or should have known, that Spencer was at the same time and place purchasing the property out of bankruptcy from Windy Hill for only $400,000. In this regard, the fact that Spencer was purchasing the property and from whom and under what conditions could easily have been discovered by appellant at the joint closing had he exercised ordinary care to do so; the amount of the sales price of the property ($400,000) to Spencer, assuming arguendo it was not capable of being ascertained by appellant, does not constitute a concealment of a material fact as to the "intrinsic qualities" of the property, within the meaning of *American Honda Motor Co. v. Williams & Assoc.*, 208 Ga. App. 636, 641 (431 SE2d 437).

Although both *Salmon v. Pearson & Assoc.*, 214 Ga. App. 11 (446 SE2d 762) and *Copeland v. Home Savings of America*, 209 Ga. App. 173, 174 (433 SE2d 327) are factually distinguishable from this case, we find *Copeland* and *First Union*, supra, to be more persuasive under the circumstances. *Salmon*, supra, which concerns reliance on a professional certification, is substantially inapposite and not controlling.

Moreover, the record unequivocally reflects that appellant did not use the ordinary means of information available at his disposal to protect his interest. He made no pre-sale physical inspection of the property (though when the water was turned on only a week after closing it was reported to him that a monumental amount of water leakage was noticed and that water was visibly blowing out of certain apartment windows); he made no demand to see the entire appraisal

document shown to him in part at the closing; he made no inspection of the courthouse records to verify the title to the property; and he made no inquiry as to why those associated with the Windy Valley-Spencer sales transaction were present and participating in a joint closing in his very presence. " ' "The law does not afford relief to one who suffers by not using the ordinary means of information, whether the neglect is due to indifference or credulity. 'When the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's representations.' " ' " (Citations omitted.) *Copeland,* supra at 174-175.

The record before us is replete with evidence of appellant's failure to protect his own vital interests in this transaction; the appellate process affords us no latitude to make adjustments for the ill-earned good fortune of the lucky or the heart-rending misfortunes of the unlucky. *Floyd S. Pike Elec. Contractors v. Williams,* 207 Ga. App. 86, 89 (2e) (427 SE2d 67).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 1, 1994 —
RECONSIDERATION DENIED NOVEMBER 16, 1994 — 

*Davidson & Fuller, Stephen P. Fuller,* for appellant.
*Davis & Walker, Joe G. Davis, Jr., Charles B. Waters, Jr.,* for appellee.