A95A0827. JACKSON v. CAMILLA TRADING POST, INC.
(460 SE2d 849)

McMURRAY, Presiding Judge.

Mary Ann Jackson filed an action against Camilla Trading Post, Inc. (defendant) for injuries she allegedly sustained when she slipped and fell while shopping at defendant's retail appliance store. Specifically, Jackson alleged that she "fell on a concrete floor because a foreign substance was located thereon which caused the floor to be slick and slippery [and that defendant] breached its duty to keep and maintain its premises in a safe condition. . . ." Defendant denied the material allegations of the complaint and filed a motion for summary judgment along with the supporting affidavit of Treavor Pollock, the salesperson who was assisting Jackson when she fell. Defendant also

filed the affidavit of Hilda Cason, a patron who came to Jackson's aid after the fall. Mary Ann Jackson responded by filing her own affidavit and the affidavit of another eyewitness, Sammy Lee Gilbert.

Jackson deposed that Sammy Lee Gilbert drove her to defendant's store on November 2, 1992, and waited in the car while she went inside to shop for a refrigerator. Defendant's salesperson, Treavor Pollock, greeted Jackson when she entered the store and showed her a new refrigerator. After calculating the cost, however, Jackson determined that she could not afford the new appliance so she asked about purchasing a used model. Pollock responded by guiding Jackson from the carpeted showroom through "a door marked 'personnel only' [and] across a concrete floor into a carpeted showroom [where a used refrigerator was located]." Jackson examined the appliance and found it acceptable. A bargain was reached, and Pollock directed Jackson back to the main showroom to complete the deal. Plaintiff turned and headed back across the concrete floor. Pollock followed, but before Jackson took "no more than three steps from the refrigerator," she slipped on the concrete floor and fell. Pollock tried to catch his customer, but her bulk was too much for him to handle. Jackson hit the concrete slab and "sustained a severe fracture of her thigh which necessitated surgery and the installation of steel pins."

Sammy Lee Gilbert remained in the car until he noticed an ambulance arrive at defendant's store. He went inside to investigate and discovered "Ms. Jackson on the floor in the back section of the store." Gilbert deposed that "[w]hen [he] went to Ms. Jackson, [he] observed on the concrete floor a slick, oily substance where Ms. Jackson had fallen[; that the] substance on the floor appeared to be oil and [that] it was located directly underneath and around Ms. Jackson." Gilbert further deposed that "[i]mmediately after Ms. Jackson was removed from the floor by ambulance attendants, [he] observed one of the employees of the Defendant move a chain saw from the immediate area where Ms. Jackson fell [and that he] concluded that the oily substance on the floor where Ms. Jackson fell probably leaked from the chainsaw." Gilbert deposed that "[t]he oily substance [he] observed . . . was visible to [him], and should have been visible to any employee of Defendant who was in the immediate area at the time Ms. Jackson fell." Treavor Pollock and Hilda Cason disputed Gilbert's observations, deposing (in identical fashion) that they examined "the floor [immediately after the fall] and there were no liquids, oils, or anything on the floor that would cause [Jackson] to fall."

Mary Ann Jackson deposed that she later discovered "an oily substance on her skirt and slip . . .," and Gilbert corroborated this observation, deposing that "[a]fter Ms. Jackson was taken to the hospital, [I] observed the same oily substance on Ms. Jackson's skirt and slip."

The trial court granted defendant's motion for summary judgment, finding (in pertinent part) as follows: "In this case, the Plaintiff and the Defendant's employee were walking closely together when the Plaintiff fell. The Plaintiff did not know that a substance was present on the floor before the fall, nor did the employee, walking only a split second in front of the Plaintiff, realize that a substance was on the floor. There is no evidence in the record of the length of time the substance was on the floor, nor is there any evidence that an employee was in the vicinity before the fall other than the one escorting the Plaintiff. This Court finds no indication that if a foreign substance existed Defendant's employee had any more opportunity to observe and avoid the substance than did Plaintiff. Consequently, this Court will not impute constructive knowledge of the substance to the Defendant under these circumstances." This appeal followed. *Held:*

"An owner/occupier of premises has a duty to keep those premises safe for its invitees. OCGA § 51-3-1; *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1 (432 SE2d 230) (1993). 'An invitee enters upon the premises under an implied representation, or assurance, that the land has been prepared and made ready and safe for his reception. The invitee is entitled to expect the possessor will exercise reasonable care to make the land safe for his entry. (Cit.) It is this implied representation that is made to the public, by holding the land open to them, that it has been prepared for their reception, that it is safe, that is the basis for the possessor's liability. (Cit.)' *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294 (322 SE2d 737) (1984).

"In order to recover for a slip and fall due to a foreign substance on the floor, the plaintiff must show that the defendant had actual or constructive knowledge of the hazard, and that the plaintiff was without equal knowledge of such. *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). 'Liability for injuries resulting from an invitee's slip and fall on a proprietor's premises is determined by the relative knowledge possessed by the proprietor and the invitee of the condition or hazard which resulted in the injury. The basis of the proprietor's liability is his superior knowledge. . . .' *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (422 SE2d 305) (1992)." *Burke v. Bi-Lo*, 212 Ga. App. 115, 116 (441 SE2d 429). And in weighing the parties' relative knowledge of any such hazard on summary judgment, " 'the party opposing the motion . . . is entitled to all favorable inferences and the benefit of every doubt, and the evidence is construed most strongly in (her) favor. (Cit.)' *Dixieland Truck Brokers v. Intl. Indem. Co.*, 210 Ga. App. 160, 163 (2) (435 SE2d 520) (1993). [Moreover,] '[a]t summary judgment [the] party who will not bear the burden of proof at trial . . . must demonstrate by reference to evidence in the record that there is an absence of evidence to sup-

port at least one essential element of the non-moving party's case.' *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991)." *Salmon v. Pearson & Assoc.*, 214 Ga. App. 11 (446 SE2d 762).

Although defendant in the case sub judice presented proof refuting actual knowledge or even the existence of an oil slick in the area where Jackson fell, Gilbert deposed that Jackson was lying in a slick of oil immediately after the fall and that defendant's employee removed a chain saw from this area as soon as Jackson was removed from the scene. These unexplained differences in proof along with a statement in Pollock's affidavit that he guided Jackson into an area of defendant's store reserved for store " 'personnel only' " not only raise genuine issues of material fact as to the existence of a hazard which triggered Jackson's fall, but also as to defendant's constructive knowledge of the oil slick (as imputed by the activities of employees in the restricted area of defendant's store or the employee who stored the chain saw in this restricted area) which allegedly flowed from the chain saw and precipitated plaintiff's fall. Indeed, giving Jackson the benefit of all favorable inferences as non-moving party on summary judgment, the parties' radically opposing proof would authorize a finding that defendant is attempting to cover up the existence of an oil spill which caused Jackson's fall.[1] And, for purposes of weighing the propriety of summary adjudication, the possibility of any such finding along with an absence of proof by defendant regarding inspection of the area allegedly affected by the oil slick before Jackson's fall does not "negate the possibility that [defendant] did not exercise reasonable care in this case, even if the store had a general inspection routine. See *Hilsman v. Kroger Co.*, 187 Ga. App. 570 (370 SE2d 755) (1988); *Flood v. Camp Oil Co.*, 201 Ga. App. 451 (411 SE2d 348) (1991). Further, in the absence of any evidence that [defendant] conducted a reasonable inspection of the premises prior to the fall, [Jackson] was not required to establish how long the spill had remained on the floor. *Jackson v. Wal-Mart Stores*, 206 Ga. App. 165, 169 (424 SE2d 845) (1992)." *Burke v. Bi-Lo*, 212 Ga. App. 115, 117, supra.

Finally, we observe that the record reveals no evidence with respect to Jackson's actual knowledge of the alleged hazard. In fact, Jackson's affidavit refutes open visibility of any such hazard, and Pollock deposed that he never saw an oil slick in the affected area of his employer's store. Further, there is no conclusive proof that Jackson even had equal opportunity to detect the alleged hazard. To this ex-

---

[1] The same proof would authorize a similar finding of deceit or mistake as to Gilbert's perceptions. It simply depends on whom the factfinder believes. In any case, however, such factual disputes are for resolution at trial (by the trier of fact), not the trial court or an appellate court upon summary adjudication. *Hester v. Baker*, 180 Ga. App. 627, 629 (3), 630 (349 SE2d 834).

tent, it is undisputed that Pollock was walking directly in front of Jackson during their initial excursion over the concrete floor, and defendant presented no proof regarding the conditions of this allegedly affected area. Moreover, while Sammy Lee Gilbert deposed that "[t]he oily substance . . . was visible to [him]," a jury would be authorized in finding that the oil he observed was readily visible only because he was focused to the area where Jackson's body was sprawled. "Thus, the facts of this case are distinguishable from those cases cited by the trial court in support of its [apparent] conclusion that [Jackson] is precluded from recovering because of her equal knowledge. See, e.g., *Kersey v. C. S. R. A. &c. Auth.*, 195 Ga. App. 94 (392 SE2d 305) (1990) (in which plaintiff alleged no defect or foreign substance, but merely that defendant was negligent in sending her down a stairway while she was carrying a heavy load); *Gyles, Inc. v. Turner*, 184 Ga. App. 376 (361 SE2d 538) (1987) (in which plaintiff was aware of the discernible object which caused the hazard); *Harris v. Star Svc. &c. Co.*, 170 Ga. App. 816 (318 SE2d 239) (1984) (in which plaintiff knew he was traversing ice and snow accumulated on the premises of defendant gas station). [And even assuming Jackson could have observed the existence of the oily substance Gilbert observed after the fall, a] jury could conclude that the alleged hazard from a leaking [chain saw] was greater than the general hazard perceived by [Jackson]. It could also conclude, then, that [Jackson's] knowledge of the hazard was not equal to that the defendant had or, in the exercise of reasonable care, should have had. A finding that [Jackson] is precluded from recovering in a slip and fall case because of her own equal or superior knowledge of the hazard is, in essence, a finding that [her] own negligence preponderated in causing the injury. Cf. *Alterman Foods v. Ligon*, 246 Ga. 620, 623[, supra]. 'The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable.' *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 237 (II) (227 SE2d 336) (1976). In our opinion, the issue of [Jackson's] knowledge of the hazard alleged in [the] case [sub judice] is not so plain and indisputable that it may be decided as a matter of law." *Flood v. Camp Oil Co.*, 201 Ga. App. 451, 452, supra. See also *Van Dyke v. Emro Mktg. Co.*, 211 Ga. App. 744 (440 SE2d 469) (1993), where this Court reversed summary judgment even though there was evidence that plaintiff had prior knowledge of the hazard which allegedly caused his fall.

The trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Pope, P. J., Blackburn and Ruffin, JJ., concur. Beasley, C. J., and Johnson, J., concur in the judgment only. Birdsong, P. J., Andrews and Smith, JJ., dissent.*

Andrews, Judge, dissenting.

The trial court correctly granted summary judgment in favor of defendant Camilla Trading Post because the record shows that the substance in which Jackson slipped was clearly visible on the floor of the defendant's store and she should have seen it in the exercise of ordinary care.

In opposition to the defendant's motion for summary judgment, Jackson produced her own affidavit and the affidavit of her friend, Gilbert, who drove her to the store.

In her affidavit, Jackson stated that, after she looked at a refrigerator and agreed to purchase it, she started toward the front of the store and within about three or four feet from the refrigerator slipped and fell when she stepped in a slick and slippery substance on the floor of the store. She stated that, at the time of her fall, she "did not pay any attention to or notice any particular substance located on the floor in Defendant's store." However, she stated that she later observed and smelled an oily substance on her skirt and slip after she fell. She stated that the salesman who had shown her the refrigerator "was in a position to observe whatever the defect was which caused the floor to be slick and slippery," but that, at the time she fell, the salesman was directly behind her.[2]

In his affidavit, Gilbert stated that when he saw Jackson on the floor of the store: "[He] observed on the concrete floor a slick, oily substance where Ms. Jackson had fallen. The substance on the floor appeared to be oil and it was located directly underneath and around Ms. Jackson." He further stated that the oily substance was visible to him "and should have been visible to any employee of Defendant who was in the immediate area at the time Ms. Jackson fell." He concluded that: "[I]t is apparent to undersigned that Ms. Jackson fell on the slick oily substance located on the floor where she fell which was observed by undersigned. The floor where the oily substance was observed by the undersigned was discolored by the presence of the oil."

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Even

---

[2] Although the majority quotes from the trial court's order finding that the store employee was walking immediately in front of Jackson when she slipped and fell, this finding is not supported by the record, which clearly shows that Jackson was walking in front of the employee when she slipped and fell.

if we assume, as Jackson contends, that the defendant had constructive knowledge of the substance on the floor because an employee of the defendant was in the area and had the means and opportunity to have seen and removed the hazard (see *Banks v. Colonial Stores*, 117 Ga. App. 581, 584-585 (161 SE2d 366) (1968)), Jackson cannot recover under the second prong of the two-part *Alterman Foods*, supra, test.

Under the second prong of the *Alterman Foods* test, the defendant is entitled to summary judgment if the facts show that Jackson knew about the substance on the floor or in the exercise of ordinary care should have discovered it, unless the defendant somehow prevented her from discovering it. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991). "The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." *Alterman Foods*, supra at 623.

Jackson's own affidavits in opposition to summary judgment establish that she slipped and fell in a large area of oily substance on the floor that was observed by Gilbert at the time of the fall, which was visible to others in the area, and which clearly discolored the concrete floor. There is nothing in the record showing that the defendant prevented Jackson from discovering the clearly visible hazard. Since the hazard was clearly visible, and Jackson should have seen it in the exercise of ordinary care, the defendant was entitled to summary judgment. *Smith*, supra; *Alterman Foods*, supra; *Bruno's, Inc. v. Pendley*, 215 Ga. App. 108 (449 SE2d 637) (1994).

Even though the trial court granted summary judgment on another basis, a judgment right for any reason will be affirmed. *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74, 78 (441 SE2d 421) (1994).

I am authorized to state that Presiding Judge Birdsong and Judge Smith join in this dissent.

DECIDED JULY 14, 1995 —
RECONSIDERATION DENIED JULY 26, 1995 —

*Geer & Rentz, Donald D. Rentz, Jack F. Varner*, for appellant.
*Moore, Clarke, Duvall & Rodgers, Luanne Clarke*, for appellee.