A95A2042. SHERIFF v. HOSPITAL AUTHORITY OF HOUSTON COUNTY.
(471 SE2d 3)

BLACKBURN, Judge.

This is an appeal from the grant of summary judgment to the Hospital Authority of Houston County, Georgia, d/b/a Houston Medical Center (Hospital) in a slip and fall case. OCGA § 9-11-56. Dorothy Sheriff was injured when she fell in the reception area of the Hospital's emergency room. Sheriff claims the Hospital was negligent in failing to properly inspect and maintain the premises.

Sheriff had accompanied her mother to the Hospital emergency room. While the two waited, Sheriff sat approximately 12 feet away from, and directly in front of, the receptionist's window. After waiting 29 to 30 minutes Sheriff got up to approach the receptionist's window, but slipped and fell in what she alleges was an area of water the size of her hand.

In order to recover in a slip and fall case of this nature, Sheriff must show (1) that the hospital had actual or constructive knowledge of a foreign substance, and (2) that she was without knowledge of the presence of such substance or for some reason attributable to the Hospital was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). In this case, no evidence was presented showing the Hospital had actual knowledge of any liquid on the emergency room floor. Therefore, the inquiry is whether the Hospital had constructive knowledge of the allegedly hazardous condition.

Constructive knowledge can be established in one of two ways. First, it can be inferred by showing " 'that an employee of the defendant was in the immediate area of the hazardous condition and could have easily seen the substance.' . . . [Cit.]" *Drake v. Kroger Co.*, 213 Ga. App. 72, 73 (443 SE2d 698) (1994). In the affidavit of the emergency room receptionist, who had been on duty for five hours at the time of Sheriff's fall, she averred that she had continuously monitored the waiting area, and as far as she could see the area was clean,

dry, and free from any foreign substance. She also did not see any wetness or other evidence of a foreign substance on Sheriff's clothing after the fall. Further, a nurse averred that the emergency room reception area was well lit and that there was no visible dampness on the floor when she took a patient through the area just moments before Sheriff's fall. The statements of the emergency room receptionist and nurse were unrefuted. There can be no recovery under this theory in the present case.

Second, constructive knowledge can also be established by showing that the owner failed to exercise reasonable care in inspecting the premises, although recovery under this approach requires proof of the length of time the dangerous condition was allowed to exist. *Hughes v. Hosp. Auth. of Floyd County*, 165 Ga. App. 530, 531 (301 SE2d 695) (1983). However, under the second theory, before the burden shifts to Sheriff to show how long the dangerous condition was on the floor, the Hospital has to demonstrate that a reasonable inspection program was in effect and that it had been carried out on the day of Sheriff's fall.[1] *Daniel v. John Q. Carter Enterprises*, 218 Ga. App. 223 (460 SE2d 838) (1995). See also *Boss v. Food Giant*, 193 Ga. App. 434, 436 (388 SE2d 37) (1989).

Donnie Fletcher, the Hospital's Director of Environmental Services, deposed that all Hospital employees are responsible for the safety of patients and visitors and any spill or liquid would be immediately reported to the environmental director or immediately cleaned. He also stated that a visual inspection of the premises is made each morning by him or by a supervisor. He explained that although no designated person is responsible for checking the floors on an hourly basis to look for foreign substances, the floors are "patrolled" by the entire staff on a continual basis. Fletcher further testified that the reception area was mopped between 11:00 p.m., May 23 and 7:00 a.m., May 24, and thereafter was not mopped prior to the incident which occurred at approximately 1:45 p.m., May 24. Moreover, his testimony indicated that he and a supervisor visually inspected the area each morning to ensure that night shift workers had performed their assigned cleaning duties. No wet substance was reported in the

---

[1] Judge Ruffin's dissent queries how this case may be distinguished from three recently decided cases of this Court. Unlike *Jackson v. Camilla Trading Post*, 218 Ga. App. 164, 167 (460 SE2d 849) (1995) and *Flood v. Camp Oil Co.*, 201 Ga. App. 451, 453 (411 SE2d 348) (1991), this case does not turn on the failure of defendant to inspect in accordance with the applicable routine procedure nor is this a case in which there is any question that the Hospital altered the area in which the slip and fall occurred after the fact as in *Jackson*, supra. Neither does it involve a genuine issue of material fact as to whether the Hospital was negligent in the exercise of its duty to ensure reasonably safe premises by failing to timely act on unsafe conditions known to it as in *Sacker v. Perry Realty Svcs.*, 217 Ga. App. 300, 301 (457 SE2d 208) (1995) (material issue of fact existed as to whether defendants negligent in maintaining railroad ties in dimly lit parking lot).

area at any time on the morning of May 24, 1990, notwithstanding the fact that all Hospital personnel were, as a matter of policy, responsible for reporting any hazardous conditions. Because Sheriff was unable to establish how long the liquid had been on the floor, there was no evidence that the Hospital had constructive knowledge of the hazard.

Therefore, the trial court properly granted summary judgment to the Hospital.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson and Smith, JJ., concur. McMurray, P. J., and Ruffin, J., dissent.*

MCMURRAY, Presiding Judge, dissenting.

I respectfully dissent from the judgment of affirmance as it is my view that the evidence as recited by the majority, when construed most favorably to the non-movant, authorizes a finding of constructive knowledge of the hazardous puddle of water in the reception area of defendant hospital authority's emergency room without establishing that plaintiff's knowledge was equal or greater.

The physical existence of the small puddle is undisputed. Plaintiff was seated 12 feet from the reception window for a period of 29 or 30 minutes and observed no event precipitating the hazardous spill, authorizing the inference that the spill was there all the while. Defendant has no designated person responsible for checking the floors on an interval basis to look for foreign substances. The fact that not one employee among defendant's entire staff, who purportedly patrol the floors on a continuous basis, discovered the spill during the 29 or 30 minutes plaintiff sat in the emergency room authorizes several favorable inferences: those who "patrolled" did not look; those who looked did so perfunctorily and did not see the spill; or else, those that looked saw the spill and did nothing to cause its removal. " 'It is the jury's function to draw an inference from the evidence when more than one inference can be drawn.' *Thompson v. Crownover*, 259 Ga. 126, 130 (6) (381 SE2d 283)." *Hopkins v. Hudgins & Co.*, 218 Ga. App. 508, 510 (2) (462 SE2d 393). I respectfully dissent.

RUFFIN, Judge, dissenting.

Slip and fall matters constitute a never ending line of cases for appellate review. It is obvious from the sheer volume of slip and fall appeals that our past decisions have not provided the clarity necessary for lawyers, litigants and trial courts to dispose of the issues at the trial level. I do not see how this case, in which the majority concludes that summary judgment was proper, is any different from the numerous recent cases where we have concluded that triable issues of fact remained. See, e.g., *Jackson v. Camilla Trading Post*, 218 Ga.

App. 164 (460 SE2d 849) (1995) (factual issue remained concerning plaintiff's knowledge of foreign substance on floor); *Sacker v. Perry Realty Svcs.*, 217 Ga. App. 300 (457 SE2d 208) (1995) (factual issue remained concerning plaintiff's knowledge of dangerous condition); and *Flood v. Camp Oil Co.*, 201 Ga. App. 451 (411 SE2d 348) (1991) (factual issue remained concerning defendant's inspection procedures).

Perhaps it is the fiction that judges can decide from the bench the factually intensive question of "reasonableness" that leads to the confusion. The point is, that except in clear, palpable and undisputed cases, questions of reasonableness should properly be left for the jury to decide. *Flood*, supra. Because this is not a clear, palpable and undisputed case, the facts should be left for a jury to decide.

I agree with the majority and Presiding Judge McMurray that the inquiry is whether the Hospital had constructive knowledge of the puddle on the floor. The majority concludes however, that the Hospital demonstrated, as a matter of law, that it had a reasonable inspection program in place and that the Hospital implemented that program on the day of Sheriff's fall. I must also infer from the majority's decision that Sheriff utterly failed to show any facts concerning the length of time the puddle remained on the floor. Under the facts recited by the majority, there are factual issues that should have been left for the jury to decide.

In determining whether a triable issue of fact remains, we must give the non-moving party the benefit of every reasonable doubt. *Martin v. Dunwoody-Shallowford Partners*, 217 Ga. App. 559 (458 SE2d 388) (1995). The Hospital showed that all hospital employees were responsible for reporting any spills to its environmental director. Is there not a factual issue concerning the reasonableness of such an inspection plan where no one was specifically delegated the responsibility to locate and report hazardous conditions? Could not the jury find that a responsibility given to everyone is a responsibility given to no one? According to the majority, the Hospital also showed that a nurse who took a patient through the area immediately before the fall did not notice the puddle. The receptionist who was on duty for five hours before the incident and sitting twelve feet away from the puddle averred that she had continuously monitored the waiting area. If she continuously monitored the area from 12 feet away, could she, or could she not, have observed the puddle's source at that time the puddle formed on the floor? All we really know is that the last time anyone inspected the area was earlier that morning. Giving the benefit of all reasonable doubts to Sheriff, are we to conclude that the puddle was not there immediately before the incident when the nurse passed by with her patient, or should we properly infer for summary judgment purposes that the puddle was on the floor earlier

that morning and was not detected by Hospital's employees? Considering that the incident occurred in an emergency room waiting area, where visitors are legitimately preoccupied with emergency health care matters, is not it reasonable to expect the hospital to exercise heightened inspection procedures?

I dissent.

DECIDED MARCH 6, 1996 —
RECONSIDERATION DENIED MARCH 29, 1996.

*Carl A. Veline, Jr.*, for appellant.

*Jones, Cork & Miller, Thomas C. Alexander, James E. Messer, Jr.*, for appellee.