## 39121. ROBERT & COMPANY ASSOCIATES v. RHODES-HAVERTY PARTNERSHIP et al.

CLARKE, Justice.

We granted certiorari to consider the reversal by the Court of Appeals of the trial court's grant of summary judgment to Robert & Company. *Rhodes-Haverty Partnership v. Robert & Co. Associates,* 163 Ga. App. 310 (293 SE2d 876) (1982).

The trial court had concluded that an engineer who issues a report on the condition of a building is liable only to the party to whom the report was made. The Court of Appeals reversed and held that where the engineer knows that prospective purchasers could rely on its report, a lack of privity will not shield the engineer from liability to a limited class of third parties. That class is the foreseeable prospective purchasers. We agree with this holding and affirm.

The facts of the case are clearly reported in the Court of Appeals opinion and will not be restated here. In agreeing with the Court of Appeals opinion we acknowledge that some authorities have distinguished between cases of negligent misrepresentation and cases of intentionally false representation. This case offers an opportunity to clear that distinction as it relates to a liability to parties with whom there is no privity.

A wilful misrepresentation of a material fact made to induce

another to act and upon which the other acts creates a cause of action in the injured party. Where the misrepresentation is wilfully made, privity is not necessary to give rise to the cause of action. OCGA § 51-6-2 (Code Ann. § 105-302).

In this case there is no allegation of wilfulness. It is, rather, alleged that Robert & Company was negligent in making a representation of false facts. Courts have been reluctant to extend liability in negligent misrepresentation cases where no privity appears and where the loss was merely economic and involving neither physical harm nor injury to property. An exception has been carved out in those cases where a known third party's reliance was the desired result of the representation. Ultramares Corp. v. Touche, 255 N. Y. 170 (174 NE 441) (1931); Glanzer v. Shepard, 233 N. Y. 236 (135 NE 275) (1922).

In this case the damage is in the nature of economic loss rather than physical harm or property damage, and the particular party which ultimately relied on the representation was not known to Robert & Company at the time the representation was made. On the other hand, Robert & Company was aware that the report would be utilized to encourage prospective purchasers to buy the building. Therefore, while the specific future purchaser was not known to Robert & Company, the fact that the report would be used by a limited class was known. We think the best rule for resolution of this type dispute is the one enunciated in the Restatement of Torts 2d, § 552 (1977).[1] Under this standard, one who supplies information during the course of his business, profession, employment, or in any

---

[1] "(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered

(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them." Restatement of Torts 2d, § 552 (1977).

transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used. This liability is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly. In making a determination of whether the reliance by the third party is justifiable, we will look to the purpose for which the report or representation was made. If it can be shown that the representation was made for the purpose of inducing third parties to rely and act upon the reliance, then liability to the third party can attach. If such cannot be shown there will be no liability in the absence of privity, wilfulness or physical harm or property damage. The additional duty that this rule imposes may be, of course, limited by appropriate disclaimers which would alert those not in privity with the supplier of information that they may rely upon it only at their peril.

*The judgment of the Court of Appeals is affirmed. All the Justices concur.*

DECIDED MARCH 9, 1983 —
REHEARING DENIED MARCH 23, 1983.

*David A. Handley, James C. Huckaby, Jr.,* for appellant.
*Terrence L. Croft, Michael E. Utley, Curtis W. Martin, Harry L. Griffin, Jr.,* for appellees.