**BADISCHE CORPORATION and Akzona Incorporated, Plaintiffs,**

**v.**

**Arnold L. CAYLOR, David Siegel and Arnold L. Caylor & Co., Defendants.**

**Civ. A. No. C84–426R.**

United States District Court,
N.D. Georgia,
Rome Division.

March 21, 1986.

A.O. Bracey, III, Atlanta, Ga., for plaintiffs.

John T. Minor, III, Dalton, Ga., O. Elizabeth Bell, Atlanta, Ga., for defendants.

### ORDER

HAROLD L. MURPHY, District Judge.

This action for accounting malpractice is before the Court on the motions of all defendants for summary judgment. Plaintiffs are creditors of a corporation whose financial statements were audited by the defendants. The corporation has since filed for bankruptcy, and the plaintiffs contend that they relied on the financial statements prepared by the defendants in extending credit to the corporation. The Supreme Court of Georgia has recently set forth the extent of an accountant's duty to exercise reasonable care. As the defendant's duty of care did not extend to the plaintiffs in this case, the motions for summary judgment are granted.

### BACKGROUND

Color-Dyne was a partnership formed by two corporations to utilize a "carpet printing" process. The plaintiffs in this action provided materials to Color-Dyne on credit. After several years of operation, the venture failed and Color-Dyne was forced into bankruptcy. The outstanding debts owed to the plaintiffs total over $850,000.00.

During the final year of Color-Dyne's operation, Color-Dyne showed financial statements to the plaintiffs. These statements showed that Color-Dyne owned $2,000,000.00 in inventory. The statements failed to reveal, however, that various banks had secured interests in the inventory. The statements had been audited by the defendants.

The plaintiffs have testified that they relied on the statements in extending credit to Color-Dyne. Moreover, plaintiffs' expert has testified that the statements were not audited pursuant to generally accepted auditing standards. Plaintiffs brought this action alleging that they were injured as a result of defendant's negligence in auditing Color-Dyne's financial statements.

### DISCUSSION

The law has not yet gone so far as to impose upon accountants a duty of care toward anyone that comes in contact with financial statements audited by them. Until recently, in Georgia, the law imposed upon accountants only a duty of care toward those with whom they had contracted for accounting services. *See Howard v. Dun & Bradstreet*, 136 Ga.App. 221, 223, 220 S.E.2d 702 (1975) ("an accountant is not liable for his negligence to a third party who is not in privity with the accountant"). Although the Georgia Supreme Court's recent decision in *Robert & Company Associates v. Rhodes-Haverty Partnership*, 250 Ga. 680, 300 S.E.2d 503 (1983), extended an accountant's duty of care, the duty of care remains limited.

In *Robert & Company Associates*, Arthur Rubloff & Company, an Illinois corporation, sought to purchase the Rhodes-Haverty building in downtown Atlanta. Arthur Rubloff & Company's wholly-owned subsidiary, Arthur Rubloff & Company of Georgia, hired an engineering firm, Robert

& Company, to report on the condition of the building. Robert & Company delivered its written report to Arthur Rubloff & Company of Georgia. Thereafter, a six-member partnership consisting of employees of Arthur Rubloff & Company, Arthur Rubloff & Company of Georgia, and of Lake Michigan Properties, Inc., another wholly owned subsidiary of Arthur Rubloff & Company, purchased the Rhodes-Haverty Building. When terra cotta facing broke loose from the top part of the building causing $139,000.00 in damage, the partnership sued Robert & Company for negligence in the making of its report.

The supreme court held that Robert & Company's duty of care in preparing its report extended to the partnership, even though the engineering firm did not contract with the partnership. Citing to the Restatement (Second) of Torts § 552 (1977), the court stated that, "one who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information. . . ." *Id.* at 681–82. The court limited this broad statement, however, in stating that liability is confined to the class of persons for whom the information was intended, either directly or indirectly. *Id.* at 682.[1] As the evidence before the court showed that the purpose of the report was to induce third parties to purchase the building, the Court held that the partnership was within the class of persons for whom the information was intended. *See also Travelers Indemnity Company v. A.M. Pullen & Company,* 161 Ga.App. 784, 289 S.E.2d 792 (1982) (summary judgment denied because evidence created question of fact as to the intent and purpose of accountants in furnishing financial statements for use by third party).

In the present action, plaintiffs have presented no evidence that the defendants' audit of Color-Dyne's financial statements was intended for Color-Dyne's suppliers, either directly or indirectly. Rather, plaintiffs have argued that it was foreseeable that a supplier might rely on the audited statements in deciding whether to continue an open line of credit. This argument apparently stems from the section of the Restatement (Second) of Torts adopted by the Georgia Supreme Court. The Restatement states that a duty of care extends not only to those persons for which information is intended, but also to those persons that an accountant knows will be supplied with the information. *See Robert & Company Associates, supra,* at 681 n. 1.

A distinction must be drawn, however, between the duty that plaintiffs wish to impose and the duty that the Restatement (Second) of Torts imposes. Plaintiffs would read into the formulation of the Restatement a duty of care not only to those persons that an accountant knows will be supplied information that he or she generates, but also a duty of care to those persons that an accountant "should know" will be supplied with that information. An objective standard of knowledge creates a much larger class of persons to whom an accountant is potentially liable. The Court cannot conclude that the Georgia Supreme Court intended to move so drastically from the limited liability of accountants that has existed under the law to this time.

■ Rather, an accountant's liability is limited to those persons that he or she expressly knows will be given the information he or she generates, or, as in *Robert & Company Associates, supra,* to those persons intended to receive the information. Actual notice permits an accountant to pre-

**1.** This Court notes that the supreme court's language is not as clear as this Court's statement of the holding. In referring to the liability of professionals such as accountants, the supreme court stated: "This liability is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly." *Robert & Company Associ-*

*ates, supra,* at 682. This sentence might be interpreted as stating that liability is limited merely to foreseeable persons. Comas, however, make the supreme court's statement a little clearer. The sentence should read: This liability is limited to a foreseeable person, or limited class of persons, for whom the information was intended, either directly or indirectly.

pare with special care portions of an audit relevant to the persons who will rely on it. Moreover, actual notice allows an accountant to practice his or her profession without fear of future suits brought by unknown parties that may come into possession of an audited statement. As plaintiffs have presented no evidence that defendants knew that plaintiffs would rely on the financial statements in this case, plaintiffs have made no showing that defendants owed them a duty of care.

ACCORDINGLY, defendants' motions for summary judgment are GRANTED.