**BADISCHE CORPORATION and Akzona Incorporated, Plaintiffs-Appellants,**

v.

**Arnold L. CAYLOR; David Siegel and Arnold L. Caylor & Company, P.C., Defendants-Appellees.**

No. 86–8305.

United States Court of Appeals, Eleventh Circuit.

Aug. 24, 1987.

A.O. Bracey, III, Michael J. King, Atlanta, Ga., for plaintiffs.

John P. Neal, III, Minor, Bell & Neal, P.C., Dalton, Ga., Harvey R. Spiegel, Lord, Bissell & Brook, Atlanta, Ga., Hugh C. Griffin, Lord, Bissell & Brook, Chicago, Ill., for defendants-appellees.

Before GODBOLD and VANCE, Circuit Judges, and SWYGERT *, Senior Circuit Judge.

PER CURIAM:

The question presented in this appeal is whether a third party can recover against an accountant under Georgia law for the accountant's negligence in preparing audited financial statements where it was foreseeable that the third party would rely on the financial statements. The district court granted summary judgment for defendants, ruling that the accountants were not liable because they lacked "actual notice" that the financial statements would be shown to the third party. Because the scope of an accountant's liability to third parties was a question of controlling but unsettled Georgia law, the question was certified to the Supreme Court of Georgia. *Badische Corp. v. Caylor*, 806 F.2d 231 (11th Cir.1986). The appended response es-

---

* Honorable Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

tablishes that the judgment of the district court was correct.

AFFIRMED.

## APPENDIX

No. 44231.

Supreme Court of Georgia.

June 4, 1987.

356 S.E.2d 198, 257 Ga. 131.

HUNT, Justice.

This case comes before this court on a certified question from the United States Court of Appeals for the Eleventh Circuit. The facts as set out by that court, and the question, follow:

"Color-Dyne" was a partnership formed by two corporations to utilize a "carpet printer" process. Plaintiffs Badische Corporation and Akzona Incorporated provided materials to Color-Dyne on credit. In late 1980, Color-Dyne showed its most recent financial statements to the plaintiffs. These financial statements were prepared for Color-Dyne by defendant David Siegel, a certified public accountant, on behalf of defendant Arnold L. Caylor & Co., a public accounting firm. These statements showed that Color-Dyne owned $2 million in inventory. The audit failed to reveal, however, that various banks had secured interests in this inventory. Plaintiffs have testified that they relied on the certified financial statements prepared by defendants in extending and increasing Color-Dyne's line of credit. Shortly thereafter, Color-Dyne was forced into bankruptcy. The outstanding debts owed to plaintiffs totaled over $850,000.

"Plaintiffs brought this action alleging that they were injured as a result of defendants' negligence in preparing Color-Dyne's financial statements. Plaintiffs have presented evidence that the financial statements were not audited pursuant to generally accepted accounting practices. Despite this evidence of accounting malpractice, the district court granted the defendants' motions for summary judgment. The district court held that, under Georgia law, the duty of care of accountants did not extend to these plaintiffs since the accountants did not have 'actual notice' of who would be given the financial statements."

In footnote 2 of its opinion, the court noted that the district court, recognizing that the defendants could reasonably foresee creditors' reliance on the audit, "made an implicit distinction between this type of general knowledge and specific knowledge of who would receive the financial statements. There is no evidence that defendants were ever informed that Color-Dyne intended to give the financial statements to plaintiffs or any other creditors. Absent 'actual notice' that the audit would be shown to creditors, the district court held that an accountant had no duty of care to third parties."

Following a discussion of the district court's holding, and the contentions of the plaintiffs, the court then certified the following question to this court: "Can third parties recover against an accountant under Georgia law for the accountant's negligence in preparing audited financial statements where it was foreseeable that the third parties would rely upon the financial statements?"

The answer to the certified question is controlled by our holding in *Robert & Co. v. Rhodes-Haverty Partnership*, 250 Ga. 680, 300 S.E.2d 503 (1983). In that case we addressed the scope of professional liability in the context of an engineer who had issued a report on the condition of a building, and adopted the rule enunciated in the Restatement of Torts 2d, Section 552 (1977),[1] whereby "one who supplied infor-

---

1. "(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or

competence in obtaining or communicating the information.

"(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered

"(a) by the person or one of a limited group of persons for whose benefit and guidance he

mation during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was *manifestly aware of the use to which the information was to be put and intended that it be so used. This liability is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly.* In making a determination of whether the reliance by the third party is justifiable, we will look to the purpose for which the report or representation was made. If it can be shown that the representation was made for the purpose of inducing third parties to rely and act upon the reliance, then liability to the third party can attach. If such cannot be shown there will be no liability in the absence of privity, wilfulness or physical harm or property damage. The additional duty that this rule imposes may be, of course, limited by appropriate disclaimers which would alert those not in privity with the supplier of information that they may rely upon it only at their peril." [Emphasis supplied.] *Robert & Co.*, supra, at 681–692, 300 S.E.2d 503. We specifically reject the plaintiffs' argument that the rule established in *Robert & Co.* expands professional liability for negligence to an unlimited class of persons whose presence is merely "foreseeable." Rather, professional liability for negligence, including the liability of account-

ants, extends to those persons, or the limited class of persons who the professional is actually aware will rely upon the information he prepared.[2]

*Certified question answered in the negative.*

All the Justices concur.

intends to supply the information or knows that the recipient intends to supply it; and

"(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

"(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them." Restatement of Torts 2d, Section 552 (1977).

**2.** We note that our holding, like that of the majority of courts which have addressed this question, adopts the Restatement of Torts' "middle ground" standard between the unlimited foreseeability rule advocated by the plaintiffs and the narrow privity rule which remains the

law in some states and which was formerly the law in this state. See *Howard v. Dun & Bradstreet*, 136 Ga.App. 221, 220 S.E.2d 702 (1975). See, e.g., *Haddon View Investment Co. v. Coopers & Lybrand*, 70 Ohio St.2d 154, 436 N.E.2d 212 (1982); *Seedkem, Inc. v. Safranek*, 466 F.Supp. 340 (D.Neb.1979); *Bonhiver v. Graff*, 311 Minn. 111, 248 N.W.2d 291 (1976); *Aluma Kraft Mfg. Co. v. Elmer Fox & Co.*, 493 S.W.2d 378 (Mo.App.1973); *Shatterproof Glass Corp. v. James.* 466 S.W.2d 873 (Tex.Civ.App.1971). But see, *International Mortgage Co. v. John P. Butler Accountancy Corp.*, 177 Cal.App.3d 806, 223 Cal.Rptr. 218 (1986); *H. Rosenblum, Inc. v. Adler*, 93 N.J. 324, 461 A.2d 138 (1983); *Citizens State Bank v. Timm, Schmidt & Co.*, 113 Wis.2d 376, 335 N.W.2d 361 (1983).