767 So.2d 592 (2000)
Tom RUSSELL, Appellant,
v.
The SHERWIN-WILLIAMS COMPANY, Appellee.
No. 4D97-3338.
District Court of Appeal of Florida, Fourth District.
September 13, 2000.
Neil Rose of Bernstein and Chackman, P.A., Hollywood, and J.H. Zidell, Miami Beach, for appellant.
John A. Turner and Kenneth L. Bednar of Arnstein and Lehr, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant rehearing, withdraw our prior opinion, and substitute the following in its place.
Appellant, Tom Russell, appeals from the trial court's dismissal of his negligence *593 count with prejudice based on the economic loss rule and the granting of summary judgment in favor of appellee on appellant's fraudulent inducement count. We affirm the trial court's granting of summary judgment in favor of appellee on the fraudulent inducement count without discussion. However, we reverse the trial court's dismissal of appellant's negligence count with prejudice based on the economic loss rule and direct the trial court to reinstate appellant's cause of action as to that count.
The negligence count was dismissed with prejudice based on a motion to dismiss for failure to state a cause of action. See Fla. R. Civ. P. 1.140(b)(6). To rule on such a motion, a court must accept the allegations of the complaint as true and then determine if it states a valid claim for relief. See, e.g., Holland v. Anheuser Busch, Inc., 643 So.2d 621, 623 (Fla. 2d DCA 1994).
Appellant claims that the trial court erred in dismissing his negligence count with prejudice based on the economic loss rule. He argues that the negligence claim falls within a narrow exception to the economic loss rule under section 552, the Restatement (Second) of Torts.
Section 552, Restatement (Second) of Torts (1977) provides as follows:
Information Negligently Supplied for the Guidance of Others
(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
Section 552 of the Restatement (Second) of Torts is a narrow exception to the economic loss rule which has been applied in certain limited circumstances. See Bay Garden Manor Condominium Ass'n v. James D. Marks Assocs., Inc., 576 So.2d 744 (Fla. 3d DCA 1991)(engineers hired to inspect buildings and prepare inspection reports that would guide others in making business decisions could be sued in negligence under section 552); First State Sav. Bank v. Albright & Assocs. of Ocala, Inc., 561 So.2d 1326 (Fla. 5th DCA), review denied, 576 So.2d 284 (Fla.1990)(appraiser may be held liable to third party for negligence under section 552).
According to the third amended complaint, Russell entered into a subcontract with Western Waterproofing to repaint balcony railings on a condominium. Russell was required to use a Sherwin-Williams Paint system. Since he was unfamiliar with the system, Russell requested assistance from Sherwin-Williams regarding the manufacturer's specifications for, and proper applications of, the primer and top coats of paint. The paint manufacturer's employee gave Russell handwritten instructions to apply a primer coat of Tile Clad II paint at a thickness of "1-2 mils," and a topcoat of a different paint at a thickness of "3-4" mils for a total thickness of 4-6 mils. The instructions were filled in on a preprinted sheet entitled "Coating System Recommendations." Also contained on the sheet were handwritten recommendations for preparation of the surface and method of application. Sherwin-Williams' employee assured Russell that the company regularly advised *594 customers on the paint application process and that if Russell applied the product according to the written instructions, the company would warrant the work for five years and make on-site inspections to ensure Russell's compliance with the manufacturer's specifications.
Relying on the paint manufacturer's representations, Russell proceeded with the paint job. The owner rejected Russell's work because the thickness of the primer of 2 mils did not conform to Sherwin-Williams' published specifications, which called for a total thickness of 4 mils, requiring two coats of primer. Russell was unaware of the published specifications and relied on the oral and written instructions from the manufacturer's employee in completing his work. Russell was not paid for his work and discharged from his employment.
The pleaded facts give rise to a cause of action for negligence under section 552 of the Restatement. Section 552 applies to one acting "in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest...." Sherwin-Williams supplied the specifications to Russell in the course of its business as a paint manufacturer; it had a pecuniary interest in the transaction since Russell was using its paint on the job. The "rule announced by section 552 is not confined solely to the learned professions." Palau Int'l Traders, Inc. v. Narcam Aircraft, Inc., 653 So.2d 412, 419 (Fla. 3d DCA 1995) (Cope, J., concurring). By its explicit terms, section 552 applies to one who is engaged in a "business, profession or employment." Id. According to the complaint, Sherwin-Williams supplied "false information" for the guidance of Russell in the performance of his contract-the proper thickness for the primer coat was four mils and not two as indicated in the handwritten specifications. The allegations of the complaint demonstrate that Sherwin-Williams failed to "exercise reasonable care or competence in obtaining or communicating the information."
This case is similar to Squish La Fish, Inc. v. Thomco Specialty Products, Inc., 149 F.3d 1288 (11th Cir.1998). In that case, Squish La Fish was the maker of a plastic household device called the "Tuna Squeeze," which was used to squeeze oil and water from cans of tuna fish and other similar products. Squish La Fish retained the packaging firm of ProPack, Inc. to package 10,000 Tuna Squeezes to fill an order from American Body Building Products of Florida. Squish La Fish left it to ProPack to determine the best way to package the product. ProPack consulted with appellee Thomco Specialty Products, a corporation that distributes adhesive materials, as to what type of adhesive to use in the packaging. Thomco told ProPack that a "976" adhesive would easily wash off the Tuna Squeeze and ProPack relied on this representation because of Thomco's expertise in adhesives. ProPack used the adhesive in the packaging. However, the adhesive would not wash off the product, ultimately causing American Body Building to cancel the contract. See 149 F.3d at 1289-90.
Squish La Fish sued Thomco, alleging that Thomco was negligent in recommending the 976 adhesive to ProPack. In reversing a summary judgment in favor of Thomco, the eleventh circuit applied Georgia law and held that the plaintiff had stated a cause of action under section 552. The court ruled that it was not necessary to the cause of action for Squish La Fish to have dealt directly with Thomco, because liability also attaches to "a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly." Id. at 1291 (quoting Robert & Co. Assoc. v. Rhodes-Haverty Partnership, 250 Ga. 680, 300 S.E.2d 503, 504 (1983)).
Comment F to section 552 placed on Sherwin-Williams the obligation to ascertain the facts upon which its handwritten recommendation was based.

*595 If the matter is one that requires investigation, the supplier of the information must exercise reasonable care and competence to ascertain the facts on which his statement is based. He must exercise the competence reasonably expected of one in his business or professional position in drawing inferences from facts not stated in the information.
This case is distinguishable from Palau International Traders, Inc. v. Narcam Aircraft, Inc., 653 So.2d 412 (Fla. 3d DCA), review denied, 661 So.2d 825 (Fla. 1995), relied upon by appellant. In that case, the Third District held that a mechanic did not owe a buyer of a used airplane, with whom he had no privity, a duty of care under the exception to the economic loss rule for negligent misrepresentation of the condition of an airplane at the time of sale. The court held that even though the mechanic verified that it inspected the airplane and found it airworthy, the mechanic was in the business of servicing airplanes and not supplying information to guide third parties. The defendant/mechanic's inspection of the airplane was a required step on the way to obtaining a certificate of airworthiness from the Federal Aviation Administration. As Judge Cope pointed out in his concurring opinion, Palau was
not a case in which [the mechanic] was hired to perform an inspection and render assurances to the buyer regarding the airworthiness of the aircraft. Rather, [the mechanic] was hired to perform repair work and to issue the necessary certification on which the F.A.A. would rely in issuing an airworthiness certificate. Regardless of what [the mechanic] did nor did not do, the buyer did not have to accept this aircraft unless the F.A.A. actually issued an airworthiness certificate.
653 So.2d at 420. In the language of section 552, the mechanic was not supplying information for the "guidance of others in their business transactions," the mechanic was performing an inspection required for government certification. See id. In this case, Sherwin-Williams advised a painter about the proper way to apply its product, conduct that falls squarely within section 552.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
STONE, SHAHOOD, and GROSS, JJ., concur.