**Kristen Clark WHITTINGTON, Kristen Clark Whittington, Administrator of the Estate of Larry Neal Whittington, and Lora M. Jackson, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 02–6144.

United States Court of Appeals, Sixth Circuit.

May 5, 2004.

Kristen Clark Whittington, Taylorsville, KY, pro se.

Lora M. Jackson, Louisville, KY, pro se.

Candace G. Hill, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, Kathryn L. Smith, U.S. Department of Justice, Washington, DC, Catherine M. Maraist, U.S. Attorney's Office, Baton Rouge, LA, for Defendants–Appellees.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and HOOD, District Judge.*

HOOD, District Judge.

Plaintiffs–Appellants appeal from the district court's order denying their motion to vacate the district court's opinion and order dismissing the case for lack of subject matter jurisdiction. We affirm the decision of the district court.

* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

**I**

On April 3, 2000, Plaintiffs–Appellants Kristen Clark Whittington, Kristen Clark Whittington, Administrator of the Estate of Larry Neal Whittington, and Lora M. Jackson ("Whittington Estate") filed the instant suit under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, against Defendant–Appellee, United States of America ("United States"). The United States filed a motion to dismiss for lack of jurisdiction on August 21, 2001. In response, the Whittington Estate filed a motion to amend the complaint. The district court issued its Memorandum Opinion and Order on May 7, 2002 dismissing the original complaint and denying the Whittington Estate's motion to amend the complaint. The district court further issued an order denying the Whittington Estate's motion to extend time to file and serve affidavits in support of a Rule 59(e) motion on June 4, 2002. The Whittington Estate filed a motion to vacate the Memorandum Opinion and Order dismissing the case. On July 11, 2002, the district court issued an order denying the motion to vacate. The Whittington Estate timely filed an appeal.

The decedent, Larry Whittington, crashed on takeoff at Griffin–Spalding Airport ("Griffin–Spalding") in Griffin, Georgia in 1997. The decedent's son and daughter, Kristen C. Whittington and Lora M. Jackson, on behalf of themselves and the Estate of Larry Whittington, filed the instant suit against the United States, and its agency, the Federal Aviation Administration ("FAA"). They are proceeding *pro se.* The Whittington Estate essentially claims a negligence cause of action under Georgia law. They claim that the runway at issue was 400 feet shorter than needed and that the FAA published erroneous in-

formation about the airport's runway lengths upon which the decedent relied.

## II

A district court's ruling that it lacks subject matter jurisdiction is reviewed under a *de novo* standard. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487 (6th Cir.2001). This court reviews *de novo* a trial court's grant of summary judgment. *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir.1994).

The United States is protected from suit by sovereign immunity absent a waiver. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The FTCA waives the United States' immunity for certain tort claims. 28 U.S.C. § 2674. The FTCA does not create a cause of action against the United States nor is it a means to enforce its statutory duties. *Myers v. United States*, 17 F.3d 890, 894 (6th Cir. 1994). The consent to be sued is limited. *Id.* The provision of the FTCA, 28 U.S.C. § 2674, that the government "shall be liable [for tort claims] ... in the same manner and to the same extent as a private individual under like circumstances," has been held to mean that liability of the federal government is determined by the law of the State in which the incident occurred. *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir.1995).

The Whittington Estate's argument is based on the allegation that the FAA published certain erroneous information regarding the runway length of the airport at issue and the decedent relied on this information, causing his untimely death, making the United States liable for negligence under Georgia law. The Estate further argues that because the FAA undertook to a certify certain aircraft, their failure to properly inspect the aircraft is actionable.

In Georgia, the threshold question in any cause of action for negligence is whether, and to what extent, a defendant owes the plaintiff a duty of care. *City of Rome v. Jordan*, 263 Ga. 26, 27(1), 426 S.E.2d 861 (1993). Duty is a question of law for the court to decide. *Id.* The Whittington Estate claims that Georgia law imposes a duty on one who disseminates information to use reasonable care in the dissemination of information. The Whittington Estate argues that the liability for failing to use reasonable care is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly, citing *Advanced Drainage Sys. v. Lowman*, 210 Ga.App. 731, 733–34, 437 S.E.2d 604 (1993).

*Advanced Drainage* is inapplicable. The *Advanced Drainage* court noted that,

> [O]ne who supplies information during the course of his business, profession, employment, or in any transaction in which he has a *pecuniary interest* has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used. This liability is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly.

*Advanced Drainage*, 210 Ga.App. at 734 (*quoting Robert & Co. Ass'n v. Rhodes–Haverty Partnership*, 250 Ga. 680, 681–82, 300 S.E.2d 503 (1983)). "Pecuniary interest" has been defined as a direct interest related to money in an action or case. See Black's Law Dictionary, 6th Ed., p. 1131. The FAA, in disseminating the information, specifically the Airport Layout Plan

in December 2001,[1] had no pecuniary interest in disseminating such information. In any event, the December 2001 Airport Layout Plan would not constitute an actionable dissemination of wrongful information because it was issued years after the incident involving the decedent.

The Whittington Estate's argument is that the final December 2001 Airport Layout Plan is based on the FAA's June 1995 conditional approval of the airport layout. As the district court held in its order denying the motion to vacate, "[w]hile plaintiffs did make this statement [the FAA allowed, approved, permitted and disseminated and published erroneous runway data] in their Amended Complaint, the allegations that followed merely reiterated their assertion that the FAA was negligent because they approved an airport layout plan that did not meet minimum design requirements." (J.A. 411) The district court ruled that based on these allegations, plaintiffs have not met their burden to establish jurisdiction. (J.A. 411)

As the district court noted in its order dismissing the matter and denying the motion to amend, federal funding of private airports is governed by the Airport and Airway Improvement Act of 1982 ("AAIA"). 49 U.S.C. § 47101 *et seq.* "The AAIA, according to the statute itself, serves the purpose of providing federal funding to airport construction projects to promote a wide variety of policy goals." *City of Cleveland, Ohio v. City of Brook Park, Ohio,* 893 F.Supp. 742, 749 (N.D.Ohio 1995). For purposes of FTCA liability, the AAIA does not create a cause of action, nor does it confer a duty on the FAA to ensure the safety of airports receiving federal funds. *See, Sellfors v. United States,* 697 F.2d 1362, 1367 (11th Cir.1983).

■ With regards to the FAA's responsibility for air carrier certification under 49 U.S.C. §§ 40101–49105, the district court held that the certification process consists of reviewing an air carrier's compliance with federal air safety regulations. (J.A. 252) It is well established that "where a governmental actor merely fails to ensure a private party's compliance with federal safety regulations, no comparable state-law liability exists and, therefore, sovereign immunity is not waived under the FTCA." *Myers,* 17 F.3d at 890.

The district court went on to analyze Georgia's "Good Samaritan" rule. The district court ruled that generalized knowledge that the FAA certifies air cargo operators or approves federal funding of airports and the decedent's use of the allegedly defective airplane are not sufficient to demonstrate reliance, citing *Howell v. United States,* 932 F.2d 915, 919 n. 6 (11th Cir.1991). In *Howell,* the Eleventh Circuit found that "[w]hatever the FAA does or does not do, the Federal Aviation Regulations assign the chief responsibility for ensuring the airworthiness of an aircraft and its crew to the craft's owner, operator, or pilot. The duties of the FAA supplement rather than supplant the duties of the airline-duties which the airline could not, and did not, delegate." *Id.*

The Whittington Estate cites *Reminga v. United States,* 631 F.2d 449 (6th Cir. 1980) to support their argument that erroneously publishing a map which mistakenly showed a tower in the wrong location

---

1. The Airport Layout Plan, issued by the FAA in December 2001, was conditionally approved on June 6, 1995. (Ex. 12, App. Exs., Vol. II) The Estate's Proposed Amended Complaint alleges that the FAA was negligent in conditionally approving the Airport Layout Plan on June 6, 1995. (J.A. 178–79) The district court denied the Estate's motion to amend the complaint. (J.A. 248–55)

makes the FAA liable in this instance. Neither this opinion nor the district court analyzed Michigan's state law of negligence. *See, Reminga v. United States,* 448 F.Supp. 445, 459 (W.D.Mich.1978). Instead, both opinions, without analyzing the applicable Michigan state law negligence elements, concluded that the United States has a duty when publishing and disseminating aeronautical charts to accurately represent those features it attempts to portray. *See, id.,* 448 F.Supp. at 460; *Reminga,* 631 F.2d at 452. As discussed above, under Georgia law, the FAA is not liable to the decedent.

The Whittington Estate has failed to meet its burden that the court had subject matter jurisdiction over the United States and that the United States had waived its sovereign immunity with regards to the FAA's role in the Griffin–Spalding Airport funding and the certification process of the aircraft involved in the decedent's death. The district court's decision dismissing the case for lack of subject matter jurisdiction was not in error.

## III

▮ The Whittington Estate argues that the district court's failure to hold a hearing pursuant to Fed.R.Civ.P. 12(d) is reversible error. Rule 12(d) provides that defenses enumerated in subsections (b)(1) to (7) shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial. Fed.R.Civ.P. 12(d). This rule essentially allows motions to dismiss based on lack of jurisdiction (as in this case) to be heard prior to trial or to be determined by the court at trial. A district court is not required to hold an evidentiary hearing when a plaintiff's pleadings and affidavits are insufficient to make a *prima facie*

showing of facts supporting the court's assertion of jurisdiction. *Kerry Steel, Inc. v. Paragon Industries, Inc.,* 106 F.3d 147, 154 (6th Cir.1997) The district court did not abuse its discretion in failing to hold an evidentiary hearing since the issues before the court did not require additional facts or discovery. *See Commodities Export Co. v. U.S. Customs Serv.,* 888 F.2d 431 (6th Cir.1989). A preliminary hearing under Rule 12(b)(1) was not required because there were no disputed facts with regard to the subject matter jurisdiction issue before the district court. Although the district court may have found oral argument beneficial, Rule 12(d) does not require "oral arguments." Motions to dismiss are routinely decided on papers filed by the parties, without oral arguments, just as this court often hears and determines appeals without oral argument. *Id.* at 439 (Nelson, J., concurring in part and dissenting in part).

## IV

For the reasons set forth above, we affirm the district court's order denying the Whittington Estate's motion to vacate the district court's order dismissing the original complaint and denying the Whittington Estate's motion to amend the complaint.