[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11919

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 15, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-02764 CV-CAP-1

BANK OF NORTH GEORGIA,

                                                    Plaintiff-Appellant,

versus

REZNICK GROUP, P.C.,
A Maryland professional corporation,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 15, 2008)**

Before ANDERSON and BLACK, Circuit Judges, and HODGES,* District Judge.

PER CURIAM:

_____
        *Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of
Florida, sitting by designation.

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed. We glean from the entirety of the complaint and the attached documents, especially the loan agreement with Merrill Lynch, that the purpose of the challenged audit was to comply with the requirement of the loan agreement that the audit be submitted to Merrill Lynch promptly after the close of each fiscal year, so that Merrill Lynch could monitor the financial health of PRS. The documents attached to the complaint, especially the loan agreement and audit notes, do indicate that the line of credit would expire each year, and had been renewed for the several past years. However, any allegation that defendant knew that the line of credit would be refinanced with another lender in 2004 and/or that defendant intended the audit to be used for such other purpose is entirely speculative and finds no support in the non-conclusory facts alleged and set forth in the documents attached to the complaint. See Griffin Indus. Inc v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."). This court views as mere speculation plaintiff's allegation that defendant knew that the line of credit would be refinanced with another lender and intended the audit to be used to induce the refinancing.

The parties agree that the scope of the duty owed by defendant is governed

2

by Georgia law. Contrary to plaintiff's contention at oral argument, this case is not like Robert & Company v. Rhodes-Haverty Partnership, 300 S.E.2d 503 (Ga. 1983). There, the defendant-engineer – whose report on the condition of the building was challenged as negligent – knew that the report would be relied upon by the limited class of prospective purchasers of the particular property. Unlike Robert & Company, there is no non-conclusory allegation in this case that the defendant knew that the instant audit would be relied upon by a limited class of lenders other than Merrill Lynch. To the contrary, the complaint and the documents attached thereto demonstrate that the purpose of the audit was to submit it to Merrill Lynch in compliance with the loan agreement. Specifically, the loan agreement required that an audit be submitted promptly after the close of each fiscal year so that Merrill Lynch could monitor the financial health of PRS. It is true that as a matter of general experience any accountant would know that the line of credit would have to be renewed, refinanced or otherwise handled when it expired, and thus any accountant or businessman would know that there is some possibility that the line of credit would be refinanced by another lender. However, that future possibility is more like the future possibility described in example ten of the Restatement. Rest. 2d of Torts § 552 (2007). In other words, such a future possibility is merely foreseeable, which is insufficient to sustain plaintiff's claim

under Georgia law.

Plaintiff's gross negligence claim fails for the same reasons that its negligent misrepresentation claim fails. Because both of those claims fail, plaintiff's claim for punitive damages also fails.

Accordingly, the judgment of the district court is

AFFIRMED.