[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12557

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 25, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-01127-CV-CAP-1


TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,
a Connecticut corporation,

                                                  Plaintiff-Appellant,


versus


REZNICK GROUP, P.C.,
a Maryland professional corporation,

                                                  Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 25, 2008)**


Before HULL and WILSON, Circuit Judges, and ALBRITTON*, District Judge.

---

* Honorable W. Harold Albritton, United States District Judge for the Middle District of Alabama, sitting by designation.

PER CURIAM:

Appellant Travelers Casualty & Surety Company of America appeals the district court's order granting Appellee Reznick Group, P.C.'s Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) and dismissing Travelers' complaint for failure to state a claim, and the district court's order denying Travelers' Motion for Reconsideration, to Alter or Amend Judgment, for Relief from Judgment, or, in the Alternative, for Leave to File an Amended Complaint.

This suit involves a claim by Travelers that it suffered loss on a performance bond it issued after relying on a financial statement prepared by accountant, Reznick, which proved to be inaccurate, as a result of Reznick's alleged negligence.

The issues before the court on appeal are (1) whether the district court erred in concluding that Travelers' complaint failed to state a claim for negligent misrepresentation, and (2) whether the district court abused its discretion by refusing to allow Travelers to file an amended complaint.

The court reviews de novo a district court's granting of a 12(b)(6) motion to dismiss. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). The court reviews for abuse of discretion a district court's order denying leave to amend a complaint. Florida Evergreen Foliage v. E.I. DuPont De

2

Nemours and Co., 470 F.3d 1036, 1040 (11th Cir. 2006) (per curiam).  In this diversity case we apply the substantive law of Georgia, the state of the forum.  See Provau v. State Farm Mut. Auto. Ins. Co., 772 F.2d 817, 820 (11th Cir. 1985) (per curiam).

After reviewing the record and the parties' appellate briefs, and hearing oral argument, for the reasons discussed below, we affirm the district court's judgment.

In extending liability to professionals, including accountants, for negligence in supplying information relied on by third parties, Georgia has adopted a "middle ground" standard between unlimited foreseeability and privity, which is derived from Restatement (Second) of Torts, § 552 (1977).  Badische Corp. v. Caylor, 356 S.E.2d 198, 199-200 & n.2 (Ga. 1987).   Under this standard, a professional who supplies information can be liable for negligence only to a known person, or limited class of persons, where the professional was also manifestly aware of the use to which the information was to be put and intended that it be so used.  Robert & Co. Assoc. v. Rhodes-Haverty P'ship, 300 S.E.2d 503, 504 (Ga. 1983); Badische Corp., 356 S.E.2d at 200.  The duty of professionals to third parties is a relative standard of care which "may be defined only in terms of the use to which the information will be put, weighed against the magnitude and probability of loss that might attend that use if the information proves to be incorrect." Restatement

(Second) of Torts, § 552 cmt. a.

In arguing that it adequately pled a claim of negligent misrepresentation under Georgia law, Travelers has pointed to a statement of the elements of such a claim, including that third persons must reasonably rely on information provided by the professional, as stated in Squish La Fish, Inc. v. Thomco Specialty Products, Inc., 149 F.3d 1288, 1291 (11th Cir. 1998). Under Georgia law, however, it is "the purpose for which the report or representation was made," which informs the inquiry of the reasonableness of reliance. Robert & Co., 300 S.E.2d at 504. The professional who provides the information relied on must know the purpose for which the information would be used and intend that purpose. Id.

The identification of the purpose for which third parties were alleged to rely on the information provided by Reznick is contained in paragraph 11 of the complaint filed by Travelers. Paragraph 11 states that third parties would rely on Reznick's audit statement in deciding whether to "extend credit or otherwise accept liabilities" of PRS Construction, LLC. (Complaint p. 3, ¶ 11). This statement of purpose includes, and is much broader than, the issuance of performance bonds referenced elsewhere in the complaint. Paragraph 12 further states that Reznick was manifestly aware of the use to which the information

4

would be put and intended that use. When these two paragraphs are read together, they allege that Reznick was manifestly aware that third parties would use the information Reznick provided in deciding whether to extend credit or otherwise accept liabilities of PRS Construction, LLC in unspecified amounts.

The complaint alleges knowledge of such broad purposes that it is inconsistent with the requirement of Georgia law that the professional's liability be limited to loss suffered through reliance on information supplied "in a transaction [the professional] intends the information to influence or knows that the recipient so intends or in a substantially similar transaction." Robert & Co., 300 S.E.2d at 504 n.1 (quoting Restatement (Second) of Torts § 552). The allegations of the complaint are not limited to intended or substantially similar transactions, but include all transactions in which liability of PRS Construction, LLC is accepted by third parties.

In addition, the allegations of the complaint parallel the illustration offered in the Restatement section adopted by Georgia, wherein an accountant would not be liable to a bank which relies on an audit statement prepared for the accountant's client to issue a loan, even though the accountant knows that financial statements are used in financial transactions and relied on by lenders, investors, and shareholders, because the accountant is not informed of the intent to use the

accountant's audit to obtain that particular loan. Restatement (Second) of Torts § 552, cmt. h, illus. 10.

Accordingly, under de novo review, Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006), the district court did not err in concluding that the allegations of the original complaint were insufficient to state a claim of negligent misrepresentation under Georgia law. See also Bank of N. Ga. v. Reznick Group, P.C., No. 07-11919, 2008 WL 134118 (11th Cir. Jan. 15, 2008) (unpublished).

The second issue presented in this appeal is whether the district court abused its discretion by disallowing Travelers' proposed amended complaint. Regardless of the timing of Travelers' request, the district court need not have allowed the amendment if it would have been futile because it failed to state a claim. Daewoo Motor America, Inc. v. General Motors Corp., 459 F.3d 1249, 1260-61 (2006), cert. denied, 127 S.Ct. 2032 (2007).

The proposed amended complaint added to the allegations of the original complaint by limiting the scope of the allegations in paragraph 11 to "a limited class of third parties, such as sureties," when identifying the parties Reznick is alleged to have actually known would rely on its audit statement in deciding whether to accept liabilities of PRS Construction, Inc. (Proposed Amended Complaint ¶ 11). Also, in an apparent attempt to provide more factual detail,

6

Travelers included allegations about Reznick's relationships with bonding and insurance companies and about actions of sureties in general.  Id. ¶¶ 12, 13.

The changes to the complaint proposed by Travelers did not remedy the pleading deficiencies identified.  The new language regarding third parties, which merely lists sureties as an example of third parties alleged to be known to Reznick, does not limit the purposes for which the information was to be used by that broad group of third parties.  Furthermore, proposed new paragraphs 12 and 13 are allegations of Reznick and sureties' business practices generally, not of Reznick's knowledge in this case.  There is no allegation in the proposed amended complaint that at the time it audited non-party PRS Construction, LLC's financial statements for the year ending December 31, 2003, Reznick actually knew its audit report would be used in deciding whether to issue payment and performance bonds for particular projects or ranges of amounts, and that Reznick intended that its work be used for that purpose.  Accordingly, the district court did not abuse its discretion in disallowing the amendment, because it would have been futile.

For the foregoing reasons, we AFFIRM.