A08A0598. SPELLMAN et al. v. HARRELL INSURANCE
AGENCY, INC.
(663 SE2d 816)

BERNES, Judge.

Kitrell Spellman was injured by Langford Beckworth, who was driving a car that he rented from a repair shop. In this negligent misrepresentation action, Spellman and his wife contend that the trial court erred in granting summary judgment to Harrell Insurance Agency, Inc., the agency whose employees, Spellman alleges, negligently informed the repair shop that Beckworth had valid insurance coverage. We find no error and affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). "A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed." (Citations omitted.) *Albany Oil Mill v. Sumter Elec. Membership Corp.*, 212 Ga. App. 242, 243 (3) (441 SE2d 524) (1994).

The relevant facts are undisputed. In late 2005 and early 2006, Langford Beckworth went to McCarty's Auto Parts, told them that his car needed service, and rented two cars. At the time of each rental, McCarty's employees called Harrell Insurance and were told that Beckworth's policy provided him with coverage limited to $100,000. Spellman was injured in February 2006 when Beckworth struck him while driving one of the cars. Beckworth's insurer denied Spellman's claim on the ground that Beckworth's policy provided rental coverage only when the renter's own car was "out of service for repair or a mechanical breakdown." Beckworth's own car had been repossessed, a fact which under the terms of his policy was a ground for exclusion. The Spellmans subsequently recovered from McCarty's $25,000, the minimum amount of uninsured motorist coverage mandated by OCGA § 33-7-11 (a) (1) (A).[1]

Spellman and his wife sued Harrell Insurance for negligent misrepresentation in telling McCarty's that Beckworth was covered.

---

[1] See OCGA § 33-7-11 (a) (1) (A) (no automobile liability policy shall be issued without "provisions undertaking to pay the insured damages for bodily injury, loss of consortium or death of an insured, or for injury to or destruction of property of an insured under the named

According to the Spellmans, if McCarty's had been informed that there was not coverage under the policy, Beckworth would have been required to obtain so-called "spot" insurance under OCGA § 40-9-102, and their recovery thus would not have been limited to $25,000. The trial court granted summary judgment to Harrell Insurance on the grounds that the Spellmans lacked privity with Harrell Insurance and were "not third-party beneficiaries of any right or benefit necessary to seek imposition of liability upon [Harrell Insurance]."

On appeal, the Spellmans do not contest the trial court's conclusions that they were not in privity and were not third-party beneficiaries. Rather, the Spellmans argue that neither privity nor third-party beneficiary status is necessary when liability is predicated on Restatement of Torts 2d, § 552 (1977), which they contend applies in this case.

The Supreme Court of Georgia relied upon and adopted Section 552 of the Second Restatement in *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503) (1983). Construing that section, the Supreme Court fashioned the following rule:

> [O]ne who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used. This liability is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly. In making a determination of whether the reliance by the third party is justifiable, we will look to the purpose for which the report or representation was made. *If it can be shown that the representation was made for the purpose of inducing third parties to rely and act upon the reliance, then liability to the third party can attach.*

(Emphasis supplied.) Id. at 681-682. In *Badische Corp. v. Caylor*, 257 Ga. 131, 133 (356 SE2d 198) (1987), the Supreme Court further clarified the rule:

> We specifically reject the plaintiffs' argument that the rule established in *Robert & Co.* expands professional liability for negligence to an unlimited class of persons whose

---

insured's policy sustained from the owner or operator of an uninsured motor vehicle," within limits "[n]ot less than $25,000.00 because of bodily injury to or death of one person in any one accident").

presence is merely "foreseeable." Rather, professional liability for negligence . . . extends to those persons, or the limited class of persons who the professional is *actually aware* will rely upon the information he prepared.

(Emphasis supplied.) Additionally, in order to succeed on a negligent misrepresentation claim predicated on Section 552, the injured party must show that he or she "actually and justifiably relied on the representations." *White v. BDO Seidman*, 249 Ga. App. 668, 673 (1) (549 SE2d 490) (2001).

Applying these rules to the case at hand, we conclude that the trial court committed no error in granting summary judgment to Harrell Insurance. The Spellmans have failed to come forward with any evidence that Harrell Insurance ever intended for the information regarding Beckworth's insurance coverage that it provided to the repair shop to be disclosed to or relied upon by a third party thereafter injured by a vehicle rented from the repair shop. Conversely, there is no evidence that the Spellmans — who undisputably had no knowledge of Harrell Insurance or the information it provided to the repair shop prior to the accident — actually relied upon the information concerning Beckworth's insurance coverage. Accordingly, the Spellmans' negligent misrepresentation claim based on Section 552 fails as a matter of law. See, e.g., *Talton v. Arnall Golden Gregory*, 276 Ga. App. 21, 25 (1) (a) (622 SE2d 589) (2005); *Martha H. West Trust v. Market Value of Atlanta*, 262 Ga. App. 90, 93 (2) (584 SE2d 688) (2003); *White*, 249 Ga. App. at 673 (1).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JUNE 25, 2008.

*Christopher D. Britt*, for appellants.
*Swift, Currie, McGhee & Hiers, Christopher R. Reeves, James T. McDonald, Jr.*, for appellee.