A11A1568. WINGATE LAND, LLC v. VALUEFIRST, INC. et al.
(722 SE2d 868)

ANDREWS, Judge.

Wingate Land, LLC, the owner of two residential properties, entered into contracts to sell the properties; each buyer sought to qualify with a lender for a home loan; and the lender hired an

appraisal company, ValueFirst, Inc., owned by James D. Smith, a certified real estate appraiser, to do appraisals to determine the fair market value of each property as security for the loans. After the appraisals found that the fair market value of each property was less than the contract price, Wingate and the purchasers closed the sales for a reduced price that qualified the purchasers for secured loans. Wingate then sued ValueFirst and Smith, individually, for the difference between the original contract price and the reduced sales price on each property claiming that Wingate was forced to sell for the reduced price because ValueFirst and Smith negligently appraised the properties below fair market value. In a separate count, Wingate alleged that ValueFirst and Smith engaged in wilful misconduct justifying the imposition of punitive damages by refusing to alter the appraisals after being told by Wingate that they were negligently below fair market value. Wingate appeals from the trial court's grant of summary judgment in favor of ValueFirst and Smith. For the following reasons, we affirm.

1. ValueFirst and Smith were hired by the lender to do the appraisals for the purpose of allowing the lender to determine the fair market value of each property to be used as security for the loans. Although Wingate was not in privity with ValueFirst or Smith, it claims that, in the absence of privity, ValueFirst and Smith are liable on the negligence claim under the rule enunciated in Restatement of Torts 2d, § 552 for negligent misrepresentation resulting in economic loss. As adopted in *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503) (1983), this rule provides that

> one who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used. This liability is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly. In making a determination of whether the reliance by the third party is justifiable, we will look to the purpose for which the report or representation was made. If it can be shown that the representation was made for the purpose of inducing third parties to rely and act upon the reliance, then liability to the third party can attach. If such cannot be shown there will be no liability in the absence of privity, wilfulness or physical harm or property damage. The additional duty that

> this rule imposes may be, of course, limited by appropriate disclaimers which would alert those not in privity with the supplier of information that they may rely upon it only at their peril.

Id. at 681-682. The rule established in *Robert & Co.* does not expand professional liability for negligence to an unlimited class of persons whose presence is merely "foreseeable." *Badische Corp. v. Caylor*, 257 Ga. 131, 133 (356 SE2d 198) (1987). "Rather, professional liability for negligence . . . extends to those persons, or the limited class of persons who the professional is actually aware will rely upon the information he prepared." Id. As explained in *Robert & Co.*,

> [c]ourts have been reluctant to extend liability in negligent misrepresentation cases where no privity appears and where the loss was merely economic and involving neither physical harm nor injury to property. An exception has been carved out in those cases where a known third party's reliance was the desired result of the representation.

*Robert & Co.*, 250 Ga. at 681.

Wingate alleged that, because ValueFirst and Smith negligently appraised the property below fair market value, it suffered economic loss, not physical harm or property damage. As to the negligence claim, the issue presented on summary judgment was whether the claim was viable under the rule established in *Robert & Co.*, supra. To prevail at summary judgment under OCGA § 9-11-56, ValueFirst and Smith as the moving parties must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to Wingate as the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Construed in favor of Wingate, the record is sufficient to support a reasonable inference that, when ValueFirst and Smith did the residential appraisals for the lender, they knew that the fair market value information in the appraisals would be used by the lender to determine the amount of security that each property could provide for home loans sought by the buyers. It is reasonable to infer that as to each appraised property ValueFirst and Smith were aware of the existence of a seller and a buyer who could be affected by the information provided in the appraisals. That is not evidence, however, that ValueFirst or Smith did the appraisals for the purpose of inducing the seller or the buyer to justifiably rely and act upon the appraisals. To the contrary, the evidence shows that, before the appraisals were done for the lender, Wingate and the buyers agreed

on a sale price for each property and entered into sales contracts for the agreed prices. The lender used the appraised fair market value to establish the loan amount that each property could secure. When the appraised value of each property was insufficient to provide security for loans based on the contracted prices, Wingate and the buyers eventually agreed to reduced prices that qualified the buyers for secured loans. When Wingate agreed on the original contract prices, it obviously could not rely on appraisals which had not yet been done. When Wingate agreed to sell the properties to the buyers for reduced sales prices after the appraisals, it did not justifiably rely on allegedly false fair market value information negligently included in the appraisals. Rather, Wingate asserts that, prior to reducing the prices, it knew the information was false and told ValueFirst and Smith that the information was false. On these facts, we find that, even if the appraisals negligently included false fair market value information, there is no evidence that ValueFirst or Smith appraised the properties for the purpose of inducing Wingate to rely and act on the information, nor any evidence that Wingate did rely and act on the information. *White v. BDO Seidman, LLP*, 249 Ga. App. 668, 670-672 (549 SE2d 490) (2001). Accordingly, Wingate had no viable claim under the negligent misrepresentation rule established in *Robert & Co.*, supra, and the trial court correctly granted summary judgment in favor of ValueFirst and Smith on the negligence claim.

2. Wingate contends that the trial court erred in granting summary judgment to the extent it asserted a claim that ValueFirst and Smith engaged in wilful misconduct not controlled by the negligent misrepresentation rule in *Robert & Co.*, supra. "When a material fact is wilfully misrepresented to induce another to act and upon which the other acts, a cause of action is created in the injured party, and privity is not necessary to give rise to such a cause of action." *Butler v. Turner*, 274 Ga. 566, 569 (555 SE2d 427) (2001); OCGA § 51-6-2. According to Wingate, ValueFirst and Smith made wilful misrepresentations by merely choosing not to change their alleged negligent misrepresentations as to fair market value after being informed by Wingate of the alleged negligence. This does not support a claim that ValueFirst and Smith made wilful misrepresentations outside the scope of the *Robert & Co.* rule; there was no evidence of any wilful misrepresentations; and the trial court did not err in granting summary judgment on this claim and punitive damages sought thereunder.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 8, 2012.

*Varner & Adams, G. E. Adams*, for appellant.

*Lewis, Brisbois, Bisgaard & Smith, Edward T. McAfee, Parks K. Stone*, for appellees.